J. BENNETT FRIEDMAN, ESQ., SBN 147056
    *jfriedman@flg-law.com*
MICHAEL SOBKOWIAK, ESQ., SBN 242718
    *msobkowiak@flg-law.com*

FRIEDMAN LAW GROUP, P.C.
1900 Avenue of the Stars, 11th Fl.
Los Angeles, California 90067
Telephone: (310) 552-8210
Facsimile: (310) 733-5442

Attorneys for Plaintiff Jeffrey A. Rinde

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | LEAD CASE NO.: 2:17-bk-12392-BR |
| MARK ELIAS CRONE, | ADV. CASE NO.: |
| | Chapter 7 |
| Debtor. | |
| | **COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF A DEBT PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE** |
| JEFFREY A. RINDE, | |
| Plaintiff, | |
| vs. | |
| MARK ELIAS CRONE, | |
| Defendant. | |

1
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF A DEBT

Plaintiff-Creditor Jeffrey A. Rinde ("Rinde," or "Plaintiff") submits and files this Complaint against Defendant-Debtor Mark Elias Crone ("Crone," or "Defendant"), and respectfully alleges as follows:

## I.

## INTRODUCTION

1. This adversary proceeding (the "Adversary") arises from damages that Plaintiff has sustained, and continues to sustain, by virtue of, inter alia, Defendant's material misrepresentations of fact upon which Plaintiff reasonably relied. As a result of, inter alia, Defendant's material failures to disclose facts (which, Defendant later acknowledged, he had failed to disclose for fear that he would not be welcomed into joining Plaintiff as his partner in the practice of law), Defendant induced Plaintiff to extend to Defendant loans totaling $175,000 by false pretenses and failing to disclose material information. Furthermore, Defendant has, unlawfully, personally collected and retained fees due to CKR Law, LLP ("CKR Law") in which at all times relevant hereto Plaintiff held a fifty-percent (50%) equity interest; wrongfully converted amounts paid to an "escrow" account purportedly in CKR Law's name but actually the Defendant's personal overseas bank account; stolen CKR Law's corporate property; embezzled at least $25,000 in funds from a separate entity at all times relevant hereto jointly beneficially owned by Plaintiff and Defendant; and brazenly and maliciously breached his fiduciary duties owed to Plaintiff by wrongfully taking a stock certificate held by CKR Law in trust for another, representing shares of stock with a present fair market value of approximately $1,000,000, in which certificate and shares CKR Law and Plaintiff hold beneficial interests.

## II.

## JURISDICTION, VENUE AND NATURE OF MATTER

2. Plaintiff seeks a determination and declaration finding that the debt owed to him by the Debtor is non-dischargeable under §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6) of the

Bankruptcy Code.[1]

3. Venue is proper in this judicial district under 28 U.S.C. § 1409 as this Adversary is a proceeding arising in, arising under, and/or related to the bankruptcy case styled *In re Mark Elias Crone*, Case No. 2:17-bk-12392-BR (the "Case"), a case under chapter 7 of the Bankruptcy Code, and which is pending in the United States Bankruptcy Court for the Central District of California (the "Court," or the "Bankruptcy Court").

4. The Bankruptcy Court has jurisdiction over this Adversary pursuant to 28 U.S.C. §§ 151, 157 and 1334.

5. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I) and this Court can and should enter final judgment on all claims for relief asserted herein.

6. Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.

## III.

## **THE PARTIES**

7. Plaintiff is, and at all relevant times herein was, a resident of the State of New York. Plaintiff is the principal owner and Managing Partner of the global law firm known as CKR Law, and a record and/or beneficial owner of fifty (50%) percent of CKR Global Advisors, Inc. ("CKR Global"). Prior to Defendant's withdrawal in or about April 26, 2016, Plaintiff was also the beneficial owner of fifty (50%) percent of Vertex Advisors Limited ("Vertex"); from and after Defendant's withdrawal from Vertex, Plaintiff was and still is the sole beneficial owner of Vertex. At all times relevant hereto, Plaintiff was and still is the President and a director of both CKR Global and Vertex.

8. Defendant Mark Elias Crone, the debtor in the Case, is an individual, and on information and belief, Plaintiff alleges that Crone is a resident of Los Angeles, California.

---

[1] 11 U.S.C. § 101 *et seq.*

3
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF A DEBT

Defendant purports to be a capable and qualified securities lawyer and became affiliated with Plaintiff and CKR Law in order to, and based on his representations to Plaintiff and CKR Law in 2014 that he was then able and qualified to, provide quality legal services on behalf of CKR Law's clients, especially its securities clients.

## IV.

## GENERAL ALLEGATIONS

9. Beginning in February 2014, and continuing through no later than April 26, 2016, Defendant was a member and equity owner of CKR Law. At all relevant times herein, the equity ownership of CKR Law was split evenly among Plaintiff, Scott Kline and Defendant. Scott Kline severed his partnership and affiliation with CKR Law and its affiliated entities in December 2014.

10. As a member of CKR Law, Defendant owed fiduciary duties to Plaintiff and to CKR Law.

<u>Defendant Fraudulently Induces Plaintiff to Extend a Series of Loans</u>:

11. Prior to forming CKR Law with Plaintiff, but then unbeknownst to Rinde or Scott Kline, Defendant was embroiled in various personal and professional disputes that limited and impaired his ability to provide legal services to CKR Law and its clients, which disputes and impairments Defendant knowingly and intentionally failed to disclose to Plaintiff prior to joining CKR Law.

12. After and as a result of Plaintiff becoming aware of Defendant's professional impairments and inabilities resulting from, inter alia, ongoing legal proceedings and actions in which Defendant was embroiled, in order to mitigate the damage to Plaintiff and his interest in CKR Law resulting therefrom and to resolve these previously concealed matters – and to enable Defendant to provide required services, support and assistance to CKR Law – during Defendant's tenure with the law firm, Rinde, in his individual capacity, and CKR Law, made a series of loans and advances to Defendant and for Defendant's benefit to, among other things, defray defense costs and other expenses in the face of these mounting legal proceedings and actions.

13. In order to induce Plaintiff to loan such amounts, Defendant represented that the loans would enable him to resolve his then existing personal and professional disputes, and place him in a position in which he could focus on building CKR Law's client base, which induced Plaintiff to extend the loans. Defendant's representations were collateral to his independent obligation to repay the loans extended by Plaintiff.

14. Plaintiff reasonably relied on Defendant's representations, and loaned Defendant the sum of $175,000.

15. Defendant made these representations with the preconceived and undisclosed intention of not performing. Defendant did not focus on his obligations to further the interests of CKR Law, and by extension, Plaintiff, after receiving the benefit of the loans, instead engaged in minimal marketing support and billed virtually no hours – knowing that the loans were to be repaid through distributions to which Defendant would become entitled resulting from work performed on behalf of CKR Law. Additionally, Defendant lavishly spent company assets despite being repeatedly admonished by Plaintiff and CKR Law. Instead, it appears that Defendant devoted his time to conjuring ways to injure Plaintiff.

16. Defendant has repaid no portion of the loans made to him by Plaintiff.

<u>Defendant's Misappropriation of Property from CKR Law</u>:

17. At the time Defendant departed CKR Law, there was substantial amounts of unbilled "work in process" and accounts receivable arising from Defendant's (or other attorneys') work to be and/or billed by Defendant to clients of CKR Law.

18. Plaintiff is informed and believes that subsequent to his departure from CKR Law Defendant collected all or some portion of these amounts owing to CKR Law, but failed to remit payment to CKR Law.

19. Plaintiff is further informed and believes that Defendant, who admitted the same, utilized a personal bank account he maintained in China to accept funds that were intended to be deposited into an escrow account in CKR Law's name and retained "escrow fees" due CKR Law

5
COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF A DEBT

and then converted and embezzled such funds for his own personal use. This was accomplished by Defendant instructing and utilizing CKR Law's personnel under his direct supervision and control to misrepresent certain facts to Plaintiff and third parties and facilitate the movement of such funds and to cease forwarding bank statements to Plaintiff that would have alerted Plaintiff and CKR Law to Defendant's thefts.

20.     In addition to the misappropriation by Defendant of corporate property in which Plaintiff held an interest, as described above, Defendant also removed and retained personal property in which Plaintiff held a beneficial interest as the owner of CKR Law from CKR Law's office and corporate apartment where Defendant resided, including computers and other items of significant value.

Defendant Misappropriates Assets of Vertex:

21.     At all relevant times herein, Plaintiff was and remains the President and a director of Vertex, and beneficially owned fifty-percent (50%) of the equity of Vertex; from and after Defendant's withdrawal from Vertex in April, 2016, Plaintiff was and remains Vertex's sole owner.

22.     During the period of October 2015 through June 2016, Vertex provided consulting and advisory services to clients of CKR Law, and to other entities as well.

23.     In the ordinary course of Vertex's business, invoices were issued by it, and resulting payments from its clients and account debtors were to be deposited into Vertex's bank account.

24.     Notwithstanding the foregoing standard cash management procedure, on multiple occasions, Defendant redirected and converted payments due to Vertex for his own benefit.

25.     The aggregate sum of the payments wrongfully diverted by Defendant is believed to be in excess of $25,000 but the precise amount and extent of Defendant's scheme and embezzlement cannot be determined without discovery.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF A DEBT

<u>Defendant Steals Stock Certificate 1091</u>:

26. On occasion, CKR Law received a grant of equity in exchange for providing legal or other services.

27. Primarily because of certain historic, ongoing, and prospective legal and regulatory issues of which Defendant was the subject (these issues were and are unrelated to Plaintiff's conduct), the owners and members of CKR Law, including Plaintiff, agreed that an affiliated entity owned by CKR Law's partners known as CKR Global Advisors, Inc., a Nevada corporation ("Global Advisors"), would be used as a vehicle through which certain investment and advisory consulting services would be rendered and performed on behalf of clients and prospective clients of CKR Law.

28. At all relevant times herein, Plaintiff was and remains the President and a director of Global Advisors, and owns fifty-percent (50%) of the equity of Global Advisors.

29. In 2015, one of CKR Law's clients caused certificate no. 1091 ("Certificate 1091") representing 100,000 shares of common stock of Akoustis Technologies, Inc to be issued in partial payment for the services rendered by CKR Law. Consistent with the relevant written agreements, at the request of CKR Law, Certificate 1091 was issued to Global Advisors as CKR Law's "designee", and was thereafter maintained in CKR Law's safe.

30. The present value of the stock shares represented by Certificate 1091 is approximately $1,000,000.

31. In a scheme to wrongfully convert the ownership rights of Certificate 1091, and deprive Plaintiff, CKR Law and Global Advisors of their respective rights in and to the stock shares, during the period of August through September, 2015, and again in April 2016, Defendant willfully and maliciously caused a series of false and fraudulent statements and submissions to be filed surreptitiously with the Secretary of State of the State of Nevada. These filings, falsely certified as true and accurate by Defendant under penalty of perjury, purported to (i) change the name of Global Advisors to "Ascendant Global Advisors, Inc." ("Ascendant"); and (ii) remove

1  Plaintiff as a director and officer of Global Advisors, and establish Defendant as its sole officer
2  and director.
3      32.    In furtherance of Defendant's willful and malicious scheme and false submissions
4  to the Nevada Secretary of State, while Plaintiff was traveling outside of the United States on
5  CKR Law related business, in March, 2016 Defendant unlawfully and deceptively purloined, and
6  took wrongful possession of, Certificate 1091, with the intent of causing Certificate 1091 to be
7  reissued in the name of Ascendant, enabling Defendant to sell the stock shares and steal the
8  proceeds.
9      33.    Once Defendant's larcenous efforts were discovered, in June 2016, Plaintiff,
10  Global Advisors, CKR Law and others filed suit against Defendant in the Supreme Court of the
11  State of New York in and for the County of New York and sought and obtained an injunction
12  preventing Defendant's sale, transfer or encumbrance of said shares of stock. Upon request, the
13  designated transfer agent issued a "stop transfer order," blocking any transfer of Certificate 1091.

### FIRST CLAIM FOR RELIEF

(Nondischargeable Debt Under 11 U.S.C. § 523(a)(2)(A))

16      34.    Plaintiff repeats, realleges and incorporates by this reference each and every
17  allegation set forth in Paragraphs 1 through 33 above, as though fully set forth herein.
18      35.    Defendant obtained the use and benefit of $175,000 in funds from Plaintiff by
19  failing to disclose his serious legal problems prior to joining CKR Law, knowing that the
20  disclosure of such legal problems would materially affect Plaintiff's decision to form a business
21  relationship with Defendant, and by making false and misleading representations to Plaintiff, and
22  promises to Plaintiff, with a malevolent preconceived and undisclosed intention of not
23  performing. The representations and promises that Defendant would advance the interests of
24  CKR Law and Plaintiff were intended to, and did induce, Plaintiff to extend the loans and
25  advances, and were collateral to Defendant's obligations to repay the funds loaned by Plaintiff.
26      36.    Defendant's promises, that the loans and advances would enable Defendant to

resolve his then existing personal and professional disputes, and place him in a position in which he could focus on building CKR Law's client base, were material to Plaintiff's decision to enter into the transactions.

37. Defendant intended that Plaintiff rely on his promises and representations that Defendant would devote the necessary time and efforts to faithfully develop CKR Law's business, and Plaintiff did reasonably rely thereon.

38. Defendant did not intend to perform on his representations and promise to Plaintiff, and did not perform.

39. Defendant has repaid no portion of the amounts loaned by Plaintiff in reasonable reliance on Defendant's promises.

40. All or part of the debt owed by Defendant to Plaintiff is non-dischargeable as it is a debt for money obtained by false pretenses, false representations, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF

(Nondischargeable Debt Under 11 U.S.C. § 523(a)(4))

41. Plaintiff repeats, reiterates and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 33 and 34 through 40 above, as though fully set forth herein.

42. The above facts demonstrate that Defendant converted and embezzled assets in which Plaintiff has and had an interest while acting in a fiduciary capacity, including CKR Law's work in process, accounts receivable, escrow funds and personal property, and funds from Vertex. Said actions by Defendant constitute larceny.

43. The above facts show that Defendant also intentionally, fraudulently and wrongfully removed Certificate 1091 from CKR Law's safe while acting in a fiduciary capacity with the intent to appropriate Certificate 1091 and the shares of stock represented thereby for himself. Said actions by Defendant constitute larceny.

44.     Plaintiff, who owns an interest in CKR Law, Global Advisors and Vertex, holds an equitable and beneficial interest in the misappropriated funds and personal property, and in Certificate 1091 and the shares of stock represented thereby.

45.     As a result of Defendant's scheme and conduct, Plaintiff has suffered damages, in an amount which cannot yet to be determined with precision, arising from the Defendant's taking of money and personal assets from entities owned by Plaintiff.  Additionally, Plaintiff has been forced to file suit against Defendant and others, and will be forced to incur expenses litigating false claims brought by the Chapter 7 Trustee in the Case.

46.     All or part of the debt arising from Defendant's thefts of money and assets (including Certificate 1091), including the costs of litigation arising from the foregoing, all in an amount not yet determined, is non-dischargeable as it is a debt for embezzlement or larceny within the meaning of Bankruptcy Code § 523(a)(4).

### THIRD CLAIM FOR RELIEF

(Nondischargeable Debt Under 11 U.S.C. § 523(a)(6))

47.     Plaintiff repeats, realleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 33, 34 through 40 and 41 through 46 above, as though fully set forth herein.

48.     Plaintiff is an owner of CKR Law, Global Advisors and Vertex.

49.     By virtue of Plaintiff's ownership interests in such entities, Plaintiff has an equitable and beneficial interest in Certificate 1091 purloined by Defendant (and the shares of Akoustis stock represented thereby) on the grounds that the sale of such shares of stock was to fund payment of the legal and other services performed by CKR Law on behalf of a client in return for issuance of Certificate 1091 and to repay CKR Law for some of its loans and advances made to and for Defendant and the costs of pursuing recovery of Defendant's defalcations. Plaintiff also has an equitable and beneficial interest in Certificate 1091 based on his ownership of Global Advisors, the true owner of Certificate 1091 and the shares of stock represented thereby.

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF A DEBT

Further, Plaintiff has an equitable and beneficial interest in the CKR Law funds and property, and the Vertex funds, stolen, embezzled and misappropriated by Defendant given Plaintiff's ownership stake in such entities.

50. Defendant's thefts of various items belonging to CKR Law and Vertex, and Certificate 1091 belonging to Global Advisors, were intended to deprive, and have actually deprived, Plaintiff of the benefit of such items that were to flow from his interest in CKR Law, Global Advisors and Vertex, and have resulted in willful and malicious injury to Plaintiff. The injury to Plaintiff was willful because of the Defendant's subjective intent to cause harm to Plaintiff as evidenced by Defendant's embezzlement from CKR Law and Vertex, and the theft of Certificate 1091, and encouraging CKR Law's clients to file baseless claims against the law firm or, alternatively, the subjective knowledge of Defendant that harm to Plaintiff was substantially certain to occur, as demonstrated by knowledge of certainty of injury by taking affirmative steps to convert Certificate 1091, including unauthorized, false and fraudulent filings by Defendant with the Nevada Secretary of State to change the name of Global Advisors to Ascendant, and making himself the sole officer and director of thereof, without corporate or shareholder approval for either purported action.

51. The wrongful acts necessarily and intentionally caused injury to Plaintiff, including the inability to fully realize and enjoy the fruits of his investments in CKR Law, Global Advisors and Vertex, and the expenses arising from the litigation resulting from Defendant's theft of Certificate 1091, including false claims by the Chapter 7 Trustee challenging the validity of the debts owed to CKR Law that are to be satisfied though the sale of the shares of Akoustis stock.

52. All or part of the debts owed to Plaintiff arising from the foregoing allegations are non-dischargeable as debts for willful and malicious injury by the Defendant to Plaintiff or his property, within the meaning of Bankruptcy Code § 523(a)(6).

**PRAYER**

WHEREFORE, Plaintiff-Creditor respectfully requests that this Court enter a judgment

11

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY OF A DEBT

determining that the debts described herein of the Defendant to Plaintiff are non-dischargeable under Bankruptcy Code §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), and granting Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: June 12, 2017

FRIEDMAN LAW GROUP, P.C.

By: /s/ Michael Sobkowiak
MICHAEL SOBKOWIAK, ESQ.
Attorneys for Plaintiff Jeffrey A. Rinde