David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile     714-966-1002

Proposed Counsel for Howard M. Ehrenberg,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| In re | Case No. 2:17-bk-12392-BR |
|---|---|
| MARK ELIAS CRONE, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:** |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**

(1) **AUTHORIZING SALE OF PROPERTY PURSUANT TO 11 U.S.C. § 363(b);**
(2) **APPROVING BIDDING PROCEDURES;**
(3) **APPROVING BUYER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND**
(4) **APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019;**

**MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF HOWARD M. EHRENBERG AND JEFF RINDE IN SUPPORT THEREOF**

**DATE:** May 29, 2018
**TIME:** 2:00 p.m.
**PLACE:** Courtroom 1668
Roybal Federal Building
255 E. Temple Street
Los Angeles, California 90012

*Weiland Golden LLP*
*650 Town Center Drive, Suite 950*
*Costa Mesa, California 92626*
*Tel 714-966-1000   Fax 714-966-1002*

1163920.1

MOTION

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

2         Howard M. Ehrenberg, the duly appointed and acting Chapter 7 trustee

3    ("Trustee") for the bankruptcy estate ("Estate") of Mark Elias Crone ("Debtor"), submits

4    this *Motion for Order:  (1) Authorizing Sale of Property Pursuant to 11 U.S.C. § 363(b);*

5    *(2) Approving Bidding Procedures; (3) Approving Buyer as Good-Faith Purchaser*

6    *Pursuant to 11 U.S.C. § 363(m); and (4) Approving Compromise of Controversy Pursuant*

7    *to Federal Rule of Bankruptcy Procedure 9019* ("Motion").  In support of the Motion, the

8    Trustee submits the following memorandum of points and authorities, his declaration

9    ("Ehrenberg Declaration") and the declaration of Jeff Rinde ("Rinde Declaration"), and

10   respectfully represents as follows:

11

12   **I.    INTRODUCTION**

13        The Trustee seeks an order approving the sale ("Sale") of certain assets of the

14   Estate on the terms and conditions set forth in the Sale Agreement ("Agreement")

15   attached hereto as **Exhibit 1**, and incorporated herein by reference, to Jeff Rinde

16   ("Buyer"),[1] for $30,000.00, including potential counter claims against the Buyer

17   ("Settlement").  The personal property is being sold on an "as is, where is" basis, with no

18   warranties, recourse, contingencies, or representations of any kind.

19        The Trustee also seeks an order (i) approving the Trustee's proposed bidding

20   procedures; (ii) determining that the Buyer or the successful bidder is entitled to 11 U.S.C.

21   § 363(m) protection; and (iii) waiving the fourteen (14) day stay prescribed by Rule

22   6004(h) of the Federal Rules of Bankruptcy Procedure.

23        As discussed below, the Trustee believes the Buyer's offer represents fair market

24   value and the proposed Sale and Settlement is reasonable and in the best interest of the

25

26   ──────────────────

27   [1] The Buyer was a third-party defendant in the Trustee's lawsuit against Susan I. Crone and Ascendant
     Global Advisors, Inc., Adv. No. 2:17-ap-01276-BR.

28

1    Estate.  Accordingly, the Trustee respectfully requests that the Bankruptcy Court grant the

2    Motion and approve the sale.

3

4    **II.    STATEMENT OF FACTS**

5        **A.    The Debtor's Bankruptcy Filing and Trustee's Appointment**

6        On February 28, 2017 ("Petition Date"), the Debtor filed the instant bankruptcy case

7    in the United States Bankruptcy Court for the Central District of California, Los Angeles

8    Division, Case No. 2:17-bk-12392-BR ("Bankruptcy Case").  *See* Docket No. 1.**²**  On

9    February 28, 2017, Howard M. Ehrenberg was appointed Chapter 7 trustee.  *See* Docket

10   No. 2.

11       **B.    The Assets**

12       In his Schedule A/B, the Debtor lists potential counter claims against the Buyer with

13   a value that is "unknown" ("Assets").  *See* Docket No. 10.  The proposed Sale does not

14   include any other assets of the Estate other than the potential counter claims of the

15   Debtor/Estate against the Buyer.

16

17   **III.    TERMS OF THE PROPOSED SALE AND SETTLEMENT**

18       Pursuant to the terms of the Agreement, a copy of which is attached as **Exhibit 1**,

19   the Trustee seeks to sell the Assets for the benefit of the Estate.  The Buyer desires to

20   purchase the Assets and agrees to be designated as the stalking horse bidder.  If the

21   Buyer is the successful bidder at the Sale, the Trustee agrees to sell all of the Estate's

22   right, title and interest in the Assets to the Buyer.  The salient terms of the proposed Sale

23   and Settlement are as follows:

24       1.    Bankruptcy Court Approval.  The Agreement is subject to approval of the

25            Court.  The order approving the Agreement shall become final fifteen days

26   ───────────────────────

27   **²** The Trustee requests the Court take judicial notice of the pleadings on its docket, include the filing
     dates, as well as admissions of the Debtor in his schedules and statement of financial affairs.

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   after it is entered unless an appeal is timely-filed and a stay pending appeal

2   is obtained ("Final Order").

3   2.   Purchase of the Estate's Interest in the Assets.  The Buyer agrees to be the

4   stalking horse bidder for the Assets with an opening bid of $30,000.00,

5   subject to approval by the Court and any qualified overbids pursuant to the

6   terms to be approved by the Court.  The Buyer shall be allowed to credit bid

7   the amount of $6,000.00 on account of the Breakup Fee (defined below) as

8   the purchase price for the Assets.  Within seven (7) days following Court

9   approval of the Sale to the Buyer and upon payment of the total purchase

10   price (which shall be $30,000.00 or any other amount set by the Bankruptcy

11   Court at the Sale hearing), the Trustee shall assign all of the Estate's rights,

12   title and interest in and to the Assets to the Buyer.

13   3.   Deposit.  The Buyer shall deliver a deposit of $5,000.00 ("Deposit") to the

14   Trustee concurrently with the signing of the Agreement by the Buyer.  The

15   Deposit shall be returned to the Buyer immediately upon the earlier of the

16   following: (a) the sale motion and bidding procedures are not approved;

17   (b) the auction does not occur before May 1, 2018; (c) the Buyer is not the

18   winning bidder or a backup bidder; or (d) the sale does not close on or

19   before June 1, 2018.  If the Buyer is not the winning bidder, the Trustee may

20   designate the Buyer as the back-up bidder and retain the Deposit until the

21   sale to the winning bidder closes. If a sale to the winning bidder does not

22   close and the Buyer becomes the purchaser, the Deposit shall be retained

23   by the Trustee and applied towards the purchase price.

24   4.   Breakup Fee.  To compensate the Buyer for legal fees and expenses

25   incurred in negotiating this Agreement, the Buyer shall receive a breakup fee

26   of $6,000.00 ("Breakup Fee") should the Buyer not be the successful bidder

27   at the auction.  The Breakup Fee may, however, be reduced or rejected by

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   the Court and the Trustee has not warranted the Buyer shall be entitled to a

2   breakup fee.

3   5.   <u>No Representation or Warranty in the Assets</u>.  The Trustee agrees to sell

4   the Estate's interest, and the Buyer agrees to buy, the Assets "as is" without

5   warranties, conditions, representations or guaranties.  The Buyer agrees

6   that he has done his own investigation regarding the Assets and is not

7   relying on any representations from the Trustee or any agent acting on

8   behalf of the Trustee.

9   6.   <u>Overbid</u>.  The Sale of the Assets is subject to overbid.

10   7.   <u>Jurisdiction</u>.  The United States Bankruptcy Court for the Central District of

11   California shall have sole and exclusive jurisdiction to hear and decide any

12   and all controversies or matters relating to the Agreement.

13

14   **IV.   PROPOSED BIDDING PROCEDURES**

15   **A.   Bidding Procedures**

16   The Trustee proposes the following procedure to allow for overbids prior to the

17   Court's approval of the Sale of the Assets:

18   1.   Qualifying bidders ("<u>Qualifying Bidder</u>") shall:

19   a.   Bid at least $41,000.00 in cash for the Assets ($30,000.00 for

20   the initial bid + $5,000.00 initial overbid + $6,000.00 Breakup Fee);

21   b.   Set forth in writing the terms and conditions of the offer that are

22   at least as favorable to the Trustee as those set forth in the Agreement

23   attached as **Exhibit 1**;

24   c.   Be financially qualified, in the Trustee's exercise of his sound

25   business judgment, to close the Sale as set forth in the Agreement;

26   d.   Submit an offer that does not contain any contingencies to

27   closing the Sale, including, but not limited to, financing contingencies;

28

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

e.      Submit a cash deposit of $5,000.00 ("Overbid Deposit")
payable to Howard R. Ehrenberg, Chapter 7 Trustee for the Bankruptcy
Estate of Mark Elias Crone, in the form of a cashier's check, which Overbid
Deposit shall be non-refundable if the bid is deemed to be the Successful
Bid, as defined in paragraph 4 below.  The Overbid Deposit, written offer,
and evidence of financial qualification must be delivered to the Trustee's
counsel at or before the hearing currently set for May 29, 2018, at 2:00 p.m.
The Trustee's counsel's address is listed in the upper left hand corner of
page 1 of this Motion.

2.      At the hearing on the Motion, only the Buyer and any party who is
deemed a Qualifying Bidder shall be entitled to bid.

3.      Any incremental bid in the bidding process shall be at least $5,000.00
higher than the prior bid.

4.      At the hearing on the Motion and upon conclusion of the bidding
process, the Trustee shall decide, subject to Court approval, which of the bids is
the best bid, and such bid shall be deemed to be the "Successful Bid."  The bidder
who is accepted by the Trustee as the successful bidder ("Successful Bidder") must
pay all amounts reflected in the Successful Bid in cash at the closing of the Sale.
At the hearing on the Motion, and upon conclusion of the bidding process, the
Trustee may also acknowledge a back-up bidder ("Back-Up Bidder") which shall be
the bidder with the next best bid.  Should the Successful Bidder fail to close the
Sale of the Assets, the Trustee may sell the Assets to the Back-Up Bidder without
further Court order.

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

V.    **MEMORANDUM OF POINTS AND AUTHORITIES**

    A.    **The Trustee May Sell Property of the Estate Pursuant to**

        **11 U.S.C. § 363(b)**

    11 U.S.C. § 363(b) empowers a trustee to "use, sell or lease . . . other than in the ordinary course of business, property of the estate."  In considering a proposed transaction to use, sell, or lease, courts look at whether the transaction is in the best interests of the estate based on the facts and history of the case.  *In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)).  This requires examination of the "business justification" for the proposed sale.  *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th Cir. 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991); *In re Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997).

    "In approving any sale outside the ordinary course of business, the court must not only articulate a sufficient business reason for the sale, it must further find it is in the best interest of the estate, i.e., it is fair and reasonable, that it has been given adequate marketing, that it has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that it is an "arms-length" transaction."  *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (B.A.P. 9th Cir. 1996).  A bankruptcy court's power to authorize a sale under § 363(b) is reviewed for abuse of discretion.  *In re Walter*, 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988).

    Here, the proposed transaction has a legitimate business justification and is in the best interest of the Estate.  Besides the Buyer, no other potential purchaser has expressed interest in making an offer for the Assets and, in light of the nature of the Assets, it is highly unlikely that any other potential purchaser exists.  Notice of the Sale is being provided to all creditors, and the Sale is subject to overbid.  As discussed below, the Trustee believes the Buyer's offer represents fair value for the Assets.  Accordingly, the

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Trustee believes that the proposed Sale and Settlement is fair and reasonable and within the proper exercise of his business judgment.  *See* Ehrenberg Declaration.

### B.   Tax Consequences

No tax liability is anticipated to be generated from the Sale of the Assets.  *See* Ehrenberg Declaration.

### C.   Adequate Notice of the Sale is Proposed

The Trustee proposes to provide notice of the Sale to be posted by the Clerk's Office and to serve notice of the Sale on the Office of the United States Trustee, all creditors, and all other parties who have requested special notice in this case.  Further, the Sale is subject to overbid, and the ability of other potentially interested parties to provide competing offers for the Assets ensures that the proposed Sale will not result in a lucrative "windfall" to the Successful Bidder at the expense of creditors of the Estate.  *See In re Onouli Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988).

### D.   The Buyer Should Be Deemed a "Good Faith Purchaser" Pursuant to 11 U.S.C. § 363(m)

11 U.S.C. § 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

A good faith buyer "is one who buys 'in good faith' and 'for value.'"  *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992) (*citing In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986)). "[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *Id.* (*quoting Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)).

1   In the instant case, the Buyer is buying in good faith and has offered to pay fair

2   value for the Assets.  The proposed Sale has been negotiated with the Buyer, who is

3   represented by his own counsel, in "arm's-length" discussions.  To the Trustee's

4   knowledge, the Buyer, who was a third-party defendant in the Trustee's lawsuit against

5   Susan I. Crone and Ascendant Global Advisors, Inc., Adv. No. 2:17-ap-01276-BR until the

6   Third Party Complaint was voluntarily dismissed, is not related in any way to the Trustee

7   or the Trustee's counsel.  *See* Ehrenberg Declaration.  Moreover, the Sale will be

8   conducted in a commercially reasonable manner following appropriate notice.  Based on

9   such facts and circumstances, the Trustee believes that this Court can properly determine

10   the Buyer as a "good faith purchaser" pursuant to 11 U.S.C. § 363(m).

11   **E.      The Bankruptcy Court Has the Authority to Implement the**

12   **Proposed Bidding Procedures**

13   Implementation of the bidding procedures is an action outside of the ordinary

14   course of business.  11 U.S.C. § 363(b)(1) provides that a trustee "after notice and

15   hearing, may use, sell or lease, other than in the ordinary course of business, property of

16   the estate."  Furthermore, under 11 U.S.C. § 105(a), "[t]he court may issue any order,

17   process, or judgment that is necessary or appropriate to carry out the provisions of this

18   title."  Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the

19   implementation of overbidding procedures.

20   The bankruptcy court may issue orders determining the terms and conditions for

21   overbids with respect to a sale of estate assets, including specifying the minimum

22   consideration required for an overbid, the particular contractual terms required to be

23   offered by over bidders, and requiring and setting the amount of potential over bidder's

24   deposits.  *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982).  The bidding procedures

25   proposed in this Motion will ensure that the Assets will generate the greatest possible

26   value to the Estate.  They also place appropriate checks upon over bidders to ensure that

27   only Qualified Bids are considered.

28

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**F.    Standard for Approving a Settlement Pursuant to Federal Rule of**

**Bankruptcy Procedure 9019(a)**

Federal Rule of Bankruptcy Procedure 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

The standard to be applied to the approval of a settlement includes the probability of success of any litigation, the difficulties in collection on a judgment, the complexity of the matter, the expense, inconvenience or delay occasioned by resolution through litigation, and interests of creditors, and the reasonableness of the compromise.  *See In re A&C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. den., Martin v. Robinson,* 479 U.S. 854, 107 S.Ct. 189 (1989).  Although the court is to consider the range of results in litigation, "the court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated."  *In re Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

In ruling on a proposed compromise, a bankruptcy court should give substantial weight to the trustee's views as to the merits of the compromise and settlement, and should not substitute its own judgment for that of the trustee.  *See In re Blair,* 538 F.2d 849, 851 (9th Cir. 1976); *see also In re Calra Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984).  Nor does the Court need to conduct an extensive investigation into the merits of the claims that the parties seek to settle.  *See In re Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982).  Rather, the court should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  *In re W.T. Grant,* 699 F.2d 599, 608 (2d Cir. 1982); *see also In re Bell & Beckwith*, 87 B.R. 472, 474 (N.D. Ohio 1987).

**1.    Probability of Success in Litigation**

Although the Trustee has not undertaken the formal steps of litigation, the Trustee has consulted with the Debtor and the Debtor's attorneys' regarding the potential counter

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  claims of the Debtor.  And although the Debtor has designated the value of the counter

2  claims as "unknown," the Trustee believes the counter claims have some tangible value.

3      The gravamen of the Debtor's claims are harms alleged to have been caused by

4  the Buyer as a result of several partnerships between the Debtor and the Buyer.  The

5  narrative of the dispute is different from the perspective of the Debtor and the Buyer.

6  Although the Trustee is not admitting the Debtor has no claim or claims against the Buyer,

7  the underlying, operative facts pertaining to the dispute are in dispute and the resulting

8  damages to the Debtor, if any, are uncertain.  The Trustee is not certain he will prevail at

9  trial if the counter claims are pursued by the Estate.  This factors favors approval.

10      **2.    Difficulties of Collection on a Judgment**

11      Mr. Rinde maintains a residence in New York, New York and has opened several

12  offices for his law firm.  In addition to Mr. Rinde's interest in Ascendant Global Advisors

13  (which owns 100,000 shares of Akoustis Stock), Mr. Rinde's business interests may be

14  sufficient to satisfy a judgment, should the judgment be for an amount that is not too

15  extraordinary.

16      Nevertheless, Mr. Rinde appears to spend a majority of his time in China.  Although

17  collection against an individual residing in China is not impossible, it can be difficult. If a

18  judgment is entered and Mr. Rinde abandons his residence in the United States and

19  remains abroad for an indefinite period of time, any judgment entered could be very

20  difficult to collect.  This factor favors approval.

21      **3.    Complexity of the Matter**

22      Although the dispute between Mr. Rinde and the Debtor is complicated, the claims

23  of the Debtor are not complex.  In a nutshell, the Debtor holds claims for breach of

24  contract, breach of fiduciary duty, fraud, conversion, negligence and, possibly, breach of a

25  duty of loyalty.  This factor does not weigh in favor of approval.

26      **4.    Inconvenience of the Delay/Best Interest of Creditors**

27      If the agreement is not approved and the Trustee initiates litigation against Mr.

28  Rinde, a distribution to creditors of the Estate will be significantly delayed.  Moreover, the

Weiland Golden LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Estate will incur significant legal fees and costs in pursuing claims that ultimately may fail.

2  If the Trustee is not successful in the litigation, the Estate will likely become

3  administratively insolvent.  It is in the best interest of creditors if the settlement is

4  approved because the Estate will recognize $30,000 without the cost and risk associated

5  with litigation.

6        **5.**    **T<u>he Agreement is Fair and Reasonable and in the Best Interest</u>**

7                  **<u>of the Estate and Creditors</u>**

8        The Trustee believes the proposed Sale and Settlement is in the best interest of

9  the Estate and its creditors.  The proposed Sale and Settlement monetizes an asset the

10  Debtor admits holds a value that is "unknown."  The Trustee has received no other offer

11  for the potential claims.  The proposed Sale and Settlement is fair and reasonable and a

12  valid exercise of the Trustee's reasonable business judgment.  Further, the compromise

13  was entered into in good faith and was negotiated at arms' length.  Accordingly, the

14  Trustee requests that the Bankruptcy Court enter an order pursuant to Bankruptcy Rule

15  9019 authorizing the Trustee to enter into the Agreement and approving the terms of the

16  compromise as agreed upon by the Parties.

17        **G.**    **<u>Waiver of the Fourteen-Day Period for Effectiveness of Sale</u>**

18                  **<u>Order</u>**

19        Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of

20  property other than cash collateral is stayed until the expiration of 14 days after entry of

21  the order, unless the court orders otherwise." FRBP 6004(h).  The legislative history to

22  Rule 6004 provides:

23              The court may, in its discretion, order that Rule 6004(g) [now
                6004(h)] is not applicable so that the property may be used,
24              sold, or leased immediately in accordance with the order
                entered by the court.  Alternatively, the court may order that
25              the stay under Rule 6004(g) [now 6004(h)] is for a fixed period
                less than 10 [now 14] days.
26

27        Given the notice and full opportunity to object, respond, or participate in the bidding

28  procedures presented by this Motion, the Trustee believes that, unless there are

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   objections to the Motion that are not consensually resolved, good cause exists for the

2   Court to order that Rule 6004(h) is not applicable, and the Assets may be sold

3   immediately.  Accordingly, the Trustee requests that the Court authorize the Sale and

4   Settlement to be effectuated immediately upon entry of the order approving this Motion.

5

6   **VI.     CONCLUSION**

7          Based on the foregoing, the Trustee respectfully requests that this Court enter an

8   order granting the Motion as follows:

9          1.     Finding that the Buyer has performed his own investigation regarding the

10  Assets and is not relying on any representations of the Trustee or the Trustee's agents

11  regarding the Assets;

12         2.     Finding that notice of the Motion is proper and adequate;

13         3.     Approving the bidding procedures outlined in the Motion;

14         4.     Approving the terms of the Agreement, a copy of which is attached as

15  **Exhibit 1**, and authorizing the Trustee to sell the Assets to the Buyer (or any successful

16  overbidder) "as is," "where is," without representation or warranty, pursuant to 11 U.S.C.

17  § 363(b), and determining that the Buyer is entitled to the protections of § 363(m);

18         5.     Authorizing the Trustee to execute any documents or take any actions

19  reasonably necessary to effectuate the terms of the Agreement;

20         6.     Waiving any requirements for lodging periods imposed by Local Bankruptcy

21  Rule 9021-1 and any other applicable bankruptcy rules;

22         7.     Waiving the stay imposed by Federal Rule of Bankruptcy Procedure 6004(h)

23  and any other applicable bankruptcy rules; and

24

25

26

27

28

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1163920.1                                    13                                    MOTION

1        8.    Granting such other and further relief as the Court may deem just and

2    proper.

3                                       Respectfully submitted,

4    Dated:  May 8, 2018              WEILAND GOLDEN GOODRICH LLP

5

6                                 By:  */s/ David M. Goodrich*
                                      DAVID M. GOODRICH

7                                     Proposed Attorneys for Chapter 7
                                    Trustee Howard M. Ehrenberg

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1163920.1

MOTION

## DECLARATION OF HOWARD M. EHRENBERG

I, Howard M. Ehrenberg, declare:

1.      I am the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of Mark Elias Crone.  I know each of the following facts to be true of my own personal knowledge or upon information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion for Order:  (1) Authorizing Sale of Property Pursuant to 11 U.S.C. § 363(b); (2) Approving Bidding Procedures; (3) Approving Buyer as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019.*[3]

2.      I am informed that the Buyer has performed his own investigation regarding the Assets.  Attached hereto as **Exhibit 1** is a true and correct copy of the proposed Sale and Settlement Agreement.

3.      Besides the Buyer, no other potential purchaser has expressed interest in making an offer for the Assets and, in light of the nature of the Assets, I believe it is highly unlikely that any other potential purchaser exists.  Notice of the Sale is being provided to all creditors, and the Sale is subject to overbid at the hearing.

4.      I have reviewed the Agreement, a true and correct copy of which is attached as **Exhibit 1**, and believe that the Buyer's offer represents fair value for the Assets and that the Sale and Settlement contemplated in the Motion is fair and reasonable, in the best interest of the Estate and its creditors, and within my sound business judgment, for the reasons stated in the Motion.  Moreover, the Sale will be conducted in a commercially reasonable manner following appropriate notice to all creditors, and is subject to overbid.

_____

[3] Capitalized terms have the same meaning or definition of terms that are capitalized in the motion.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1163920.1

13

MOTION

1  The proposed sale and settlement with the Buyer, which is represented by his own

2  counsel, was entered into in good faith and was negotiated at arms' length.  To my

3  knowledge, my counsel and I are not related in any way to the Buyer, who is a third-party

4  defendant in my lawsuit against Susan I. Crone and Ascendant Global Advisors, Inc., Adv.

5  No. 2:17-ap-01276-BR.

6        5.        There are no expected tax consequences from the proposed Sale of the

7  Assets.

8        I declare under penalty of perjury that the foregoing is true and correct.

9        Executed on this _16th_ day of April, 2018, at Los Angeles, California.

11
12                                        Howard M. Ehrenberg

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1163621.1                        15                        MOTION

## DECLARATION OF JEFF RINDE

I, Jeff Rinde, hereby declare and state as follows:

1.    I know each of the following facts to be true of my own personal knowledge or upon information and belief and, if called as a witness, I could and would competently testify with respect thereto.

2.    I am an attorney and the Debtor's former law partner.

3.    I am the proposed buyer of the potential counter claims against me listed in the Debtor's Schedule A/B with a value that is "unknown" ("Assets").

4.    To my knowledge, I am not related in any way to Howard M. Ehrenberg, the bankruptcy trustee in this case ("Trustee"), or to the Trustee's counsel.  I was a third-party defendant in the Trustee's lawsuit against Susan I. Crone and Ascendant Global Advisors, Inc., Adv. No. 2:17-ap-01276-BR.  The Third Party Complaint has been voluntarily dismissed.

5.    I have performed my own investigation regarding the Assets and have negotiated the purchase of the Assets from the Trustee, through my counsel, in good faith.  I have not colluded with anyone regarding the purchase of the Assets.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of May, 2018, at Hong Kong , _____.

Jeff Rinde

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT 1

## SALE AGREEMENT

This Sale Agreement (the "Agreement") is entered into by:  (1) Howard M. Ehrenberg, solely in his capacity as the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of Mark Elias Crone (the "Debtor"); and (2) Jeff Rinde, an individual ("Buyer"), individually, a "Party," and collectively, the "Parties," subject to Bankruptcy Court approval described below, and pursuant to the following recitals (the "Recitals"):

## RECITALS

A.    On February 28, 2017 (the "Petition Date"), the Debtor filed the instant bankruptcy case in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Case No. 2:17-bk-12392 BR (the "Bankruptcy Case"). On February 28, 2017, Howard M. Ehrenberg was appointed chapter 7 trustee.

B.    In his Schedule A/B, the Debtor lists potential counter claims against the Buyer with a value that is "unknown" (the "Assets").  The proposed sale does not include any other assets of the Estate other than the potential counter claims of the Debtor/Estate against the Buyer.

C.    The Trustee desires to sell the Assets for the benefit of the Estate.

D.    The Buyer desires to purchase the Assets from the Estate and agrees to be designated as the stalking horse bidder.  If the Buyer is the successful bidder at the sale, the Trustee agrees to sell all of the Estate's rights, title and interest in the Assets to the Buyer.

## AGREEMENT

**NOW THEREFORE,** pursuant to the foregoing Recitals and for the consideration described in the Agreement, the Parties agree as follows:

## ARTICLE 1

## APPROVAL OF AGREEMENT BY COURT

**1.1    Bankruptcy Court Approval.**  The Agreement is subject to Bankruptcy Court approval and is not binding upon or enforceable against the Parties until an order approving the Agreement is entered by the Court.  A motion to approve this Agreement (the "Motion") shall be prepared and filed promptly upon execution of this Agreement. The effective date of the Agreement (the "Effective Date") is defined as the date on which the order approving the Motion is final.  An order becomes final fifteen days after its entry unless an appeal is timely-filed and a stay pending appeal is obtained, in which case the order will become final after the stay pending appeal is lifted or removed.  No Effective Date will occur if the Court denies approval of the Motion on the terms required in this Agreement.

EXHIBIT 1    PAGE 18

**1.2    Remainder of Agreement Contingent Upon Court Approval.**  All of the
terms of this Agreement, with the sole exception of the terms set forth in this Article 1,
are contingent upon the issuance of a final binding order by the Bankruptcy Court
approving the Motion.  If the Motion is not approved by the Court pursuant to
Section 1.1, then this Agreement shall automatically terminate and be of no further force
or effect.

## ARTICLE 2

## TERMS OF SALE

**2.1    Consideration.**  The Buyer agrees to be the stalking horse bidder for the
Assets with an opening bid of $30,000.00, subject to approval by the Bankruptcy Court
and any qualified overbids pursuant to the terms to be approved by the Bankruptcy
Court. The Buyer shall be allowed to credit bid the amount of $6,000.00 on account of
its Breakup Fee (defined below) as the purchase price for the Assets.  Within seven (7)
days following Court approval of the sale to the Buyer and upon payment of the total
purchase price (which shall be $30,000 or any other amount set by the Bankruptcy
Court at the sale hearing), the Trustee shall assign all of the Estate's rights, title and
interest in and to the Assets to Buyer.

**2.2    Deposit.**  The Buyer shall deliver a deposit of $5,000 ("Deposit") to the
Trustee concurrently with the signing of this Agreement by the Buyer. The Deposit shall
be returned to the Buyer immediately upon the earlier of the following: (1) the sale
motion and bidding procedures are not approved; (2) the auction does not occur before
May 1, 2018; (3) the Buyer is not the winning bidder or a backup bidder; or (4) the sale
does not close on or before June 1, 2018. If the Buyer is not the winning bidder, the
Trustee may designate the Buyer as the back-up bidder and retain the Deposit until the
sale to the winning bidder closes. If a sale to the winning bidder does not close and the
Buyer becomes the purchaser, the Deposit shall be retained by the Trustee and applied
towards the purchase price.

**2.3    Breakup Fee.**  To compensate the Buyer for legal fees and expenses
incurred in negotiating this Agreement, the Buyer shall receive a breakup fee of $6,000
should the Buyer not be the successful bidder at the auction. The breakup fee may,
however, be reduced or rejected by the Bankruptcy Court and the Trustee does not
warrant the Buyer shall be entitled to a breakup fee.

**2.4    Bidding Procedures.**  As part of the motion to approve the sale
contemplated herein, the Trustee shall seek approval of bidding procedures consistent
with the following: (1) the valuation of the stalking horse bid of the Buyer shall be set at
$30,000 (the "Initial Bid"); (d) the first bid above the Initial Bid shall be an amount equal
to: (i) the Initial Bid, plus (ii) $5,000, plus (iii) an amount equal to the break-up fee as
provided in 4.1 above and as allowed by the court; (2) each subsequent bid shall be in
increments of $5,000, and (3) the bid procedures shall provide for the ability of the
Trustee to accept a back-up bid.

EXHIBIT 1    PAGE 19

**2.5    No Representation or Warranty in Personal Property.**  The Trustee agrees to sell the Estate's interest in, and the Buyer agrees to buy, the Assets "as is" without warranties, conditions, representations or guaranties.  The Buyer agrees that he has done his own investigation regarding the Assets and is not relying on any representations from the Trustee or any agent acting on behalf of the Trustee.

## ARTICLE 3

## REPRESENTATIONS AND WARRANTIES

**3.1    Reliance on Independent Investigation.**  Except as otherwise provided in this paragraph, the Parties acknowledge that they have entered into this Agreement in reliance on their own independent investigations and analysis of the facts underlying the subject matter of this Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce them to execute this Agreement other than those that are expressly set forth herein.

**3.2    Advice of Counsel.**  The Parties acknowledge and represent that they have the advice of attorneys of their own choosing in connection with the evaluation and execution of this Agreement or that after being advised to consult with an attorney of their own choosing, they have voluntarily opted not to do so.

**3.3    No Prior Assignments.**  Each Party represents that it has not pledged, transferred, or assigned to any third party any right, interest, claim, or cause of action being transferred, conveyed, released, or compromised pursuant to this Agreement, and will indemnify all other Parties from and against any third party claim asserting such a pledge, transfer, or assignment of any such right, interest, claim, or cause of action.

**3.4    No Admission of Liability.**  This Agreement is for the sole purpose of settling the matters described herein.  It is expressly understood and agreed that this Agreement does not constitute and is not evidence of any admission by any of the parties hereto of any liability or the truth of any allegations whatsoever.

**3.5    Execution of Documents and Capacity to Enter Into the Agreement.**  Each Party does hereby state, certify, warrant, and represent to the other that such party has the right, power, capacity, and authority to enter into this Agreement, to fully perform its obligations under this Agreement, and hereby agree to execute all instruments reasonably necessary pursuant to this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which such Party is bound.

- 3 of 6 -

EXHIBIT 1    PAGE 20

## ARTICLE 4

## GENERAL TERMS AND PROVISIONS

**4.1    Entire Agreement.**  This Agreement will constitute the entire agreement between the Parties and supersede all prior or contemporary understandings or agreements.  No supplement, modification, waiver or termination shall be binding or enforceable unless executed in writing by the parties to be bound thereby.

**4.2    Amendment of Agreement.**  No modification of, deletion from, or addition to this Agreement shall be effective unless made in writing and executed by the Parties hereto.

**4.3    Construction of Agreement.**  The provisions of this Agreement shall be liberally construed to effectuate the intended settlement of the disputes and the release of all related claims.  Section headings have been inserted for convenience only and shall not be given undue consideration in resolving questions of construction or interpretation.  For purposes of determining the meaning of, or resolving any ambiguity with respect to, any word, phrase, term, or provision of this Agreement, each Party shall be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal control over the preparation of this document, such that neither the Agreement nor any uncertainty or ambiguity herein shall be arbitrarily construed or resolved against any Party under any rule of construction.

**4.4    Further Assurances.**  Each Party shall promptly execute any and all instruments and documents and take all other actions, including without limitation the payment of money, that may be required to effectuate the contemplated settlement and release.

**4.5    Governing Law.**  This Agreement shall be interpreted and governed by the laws of the State of California.  In the event that a dispute arises regarding this Agreement, the Bankruptcy Court in the Central District of California shall have exclusive jurisdiction to interpret and enforce this Agreement.

**4.6    Counterparts.**  This Agreement may be executed in one or more counterparts.  When counterparts have been executed by all the Parties hereto, this Agreement shall become effective, and the counterparts shall together constitute one document.

**4.7    Severability.**  In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement shall nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

**4.8    Waiver.**  The failure by any Party to enforce any term or provision of this Agreement shall not constitute a waiver of the right to enforce the same term or provision, or any other term or provision, thereafter.  No waiver by any Party of any term

EXHIBIT 1    PAGE 21

or provision of this Agreement shall be deemed or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

     **4.9**   **Inurement.**  This Agreement shall inure to the benefit of and be fully binding upon each of the Parties and upon their respective heirs, executors, successors, assigns, and grantees.

     **4.10**   **Notice.**  Whenever any party hereto is required or shall desire to give or serve upon the other any notice, demand, request or other communication, each such notice, demand, request or other communication shall be in writing and shall be given or served personally, or by overnight carrier or same-day messenger service, or by telecopy transmission followed immediately by mail, all to be addressed to the addresses set forth below.

If to Trustee:        David M. Goodrich
                    Weiland Golden Goodrich LLP
                    650 Town Center Drive, Suite 950
                    Costa Mesa, CA 92626
                    T:  (714) 966-1000
                    E:  dgoodrich@wgllp.com

If to Buyer:         Jeff Rinde
                    c/o J. Bennett Friedman, Esq.
                    Friedman Law Group, P.C.
                    1900 Avenue of the Stars, Suite 1100
                    Los Angeles, California 90067
                    T: (310) 552-8210
                    E: jfriedman@flg-law.com

     Service of any such notice, demand or request so made shall be deemed complete on the date of actual delivery.  Any party hereto may from time to time, by notice in writing served upon the other party as aforesaid, designate a different mailing address or a different person or additional persons to which all such notices, demand or requests are thereafter to be addressed.

     IN WITNESS WHEREOF, the undersigned have executed this Agreement on the dates set forth below, and agree as indicated herein.

- 5 of 6 -

EXHIBIT 1    PAGE 22

Dated: March / z, 2018

_____

Howard M. Ehrenberg, Chapter 7 Trustee

Dated: April 11, 2018

_____

Jeff Rinde

- 6 of 6 -

EXHIBIT 1    PAGE 23

Dated: March __, 2018

_____

Howard M. Ehrenberg, Chapter 7 Trustee


Dated: April 11, 2018

_____

Jeff Rinde

- 6 of 6 -

EXHIBIT 1    PAGE 24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 950
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Property Pursuant to 11 U.S.C. § 363(b); (2) Approving Bidding Procedures; (3) Approving Buyer as Goodfaith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019; Memorandum of Points and Authorities and Declarations of Howard M. Ehrenberg and Jeff Rinde in Support Thereof</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>May 8, 2018</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) <u>May 8, 2018</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>May 8, 2018</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**<u>Served by Overnight Delivery</u>**
Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/8/2018 | Victoria Rosales | *victoriah* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Stephen F Biegenzahn    efile@sfblaw.com

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com

Howard M Ehrenberg (TR)    ehrenbergtrustee@sulmeyerlaw.com,
ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

J. Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;ewalters@flg-law.com

Cynthia Futter    cfutter@futterwells.com

David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com

David M Goodrich    dgoodrich@wgllp.com, vrosales@wgllp.com;kadele@wgllp.com

Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com

Theresa Mains    theresa@theresamainspa.com

Eric A Puritsky    eric@puritskylaw.com

Scott J Tepper    scottjtepper@msn.com, scottjtepper@gmail.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Zann R Welch    ecfnotices@ascensioncapitalgroup.com

Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;
kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

**SERVED BY UNITED STATES MAIL**:

Leo P. Flangas
Flangas Law Office
600 S 3rd St.
Las Vegas, NV 89101

Mark Elias Crone
201 Bicknell Avenue , Apt 107
Santa Monica, CA 90405

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**