Leslie A. Cohen SBN 093698
J'aime Williams SBN 261148
Leslie Cohen Law PC
506 Santa Monica Bl., Suite 200
Santa Monica CA 90401
310-394-5900 telephone
310-394-9280 fax
leslie@lesliecohenlaw.com
jaime@lesliecohenlaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:<br><br>MARK ELIAS CRONE,<br><br>Debtor; | CASE NO: 2:17-bk-12392-BR<br><br>Chapter 7<br><br>**DEBTOR'S OPPOSITION TO CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER: (1) AUTHORIZING SALE OF PROPERTY PURSUANT TO 11 U.S.C. §363(B); (2) APPROVING BIDDING PROCEDURES; (3) APPROVING BUYER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. §363(M); DECLARATION OF MARK CRONE**<br><br>**DATE:   MAY 29, 2018**<br>**TIME:    2:00 P.M.**<br>**PLACE:  COURTROOM 1668**<br>            **Royal Federal Building**<br>            **255 East Temple Street**<br>            **Los Angeles, California 90012** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND ALL OTHER INTERESTED PARTIES:**

Debtor Mark Crone respectfully opposes Trustee's Notice of Motion and Motion for an Order Authorizing Sale of Property. This Opposition is made and based upon the following memorandum of points and authorities, the Declaration of Debtor Mark Crone and the pleadings and papers filed as well as any oral argument this Honorable Court may entertain.

## I.    INTRODUCTION

The Trustee's Motion to sell claims to Rinde should be denied because the Claims Settlement Agreement or Sale Agreement ("Sale Agreement") lacks good faith on Rinde's part, fails to meet the requirements of Rule 9019, and because the proposal set forth in the Settlement Agreement fails to recognize the realistic value of the Debtor's Counterclaims. Accordingly, Debtor respectfully submits that the Motion should be denied.

## II.    BACKGROUND AND PROCEDURAL STATUS

Mark Crone filed a voluntary Chapter 7 petition on March 14, 2017

There are 3 Adversary Proceedings pending related to the chapter 7.   Currently Defendant Mark Crone is waiting for discovery responses from all Plaintiffs, including Jeff Rinde and CKR Law, which are now late and may require a motion to compel.  Once that discovery is obtained, Crone anticipates he will have access to critical evidence that will allow the claims to be defeated and the counterclaims successfully prosecuted for the benefit of the estate and parties in interest.

### A.    *Stock Acquisitions and Akoustis Shares*

At the inception of the contractual relationship between Debtor and Rinde, Rinde, informed Debtor that he owned directly and controlled two offshore entities: Megos Trading Corp. Limited ("**Megos**"), and Equus Holdings Limited ("**Equus**").  The parties agreed that Rinde would retain his 100% ownership of Equus, and that the 100% ownership interest in Megos would be transferred to Crone.   Despite repeated requests by Crone to Rinde

1   throughout the duration of the partnership to complete the change in ownership of Megos to

2   Crone, Rinde consistently stated that he was too busy and that due to banking laws Rinde

3   would need to go to Hong Kong to complete the change, but not to worry, that he would take

4   care of it in due course.   Meanwhile, except on rare occasion, 50% of each stock position that

5   the CKR partnership received from a client was placed for Crone into Megos, and 50% of

6   such stock position was placed for Rinde into Equus (Crone in fact signed subscription

7   agreements for stock positions as CEO of Megos on several occasions).  Among other grants,

8   Crone and Rinde received twenty-five thousand (25,000) shares of stock in an entity named

9   Akoustis (AKTS). At the time that these Akoustis shares were received, the shares were again

10  placed equally into Megos and Equus, as had been the parties' custom and practice.

11      Although the parties agreed that Rinde would control Equus and that the ownership

12  interest in Megos would be transferred to Crone exclusively, as with other representations

13  made by Rinde, Rinde failed to adhere to the terms of the parties' contractual agreement.

14  Upon information and belief, Rinde has already sold Crone's interest in the subject shares of

15  Akoustis ("AKTS") held in Megos, which themselves as of today's date, would be valued at

16  $83,125.00. forming the basis for one aspect of the counterclaims. In addition, other stocks

17  are still in Megos that belong to Crone, as disclosed in Crone's bankruptcy schedules.

18      Debtor believes that Rinde formed and operates Equus for the purpose of shielding his

19  income from tax liability by keeping his assets offshore while purporting to earn no income

20  and negotiating an offer in compromise with the IRS to discharge over $400k in outstanding

21  overdue tax liabilities to the IRS.  See attached notices of tax liens, Exhibit 1.

22      In addition to the shares held in Megos, Crone owned 50% of Global Advisors, which

23  currently also holds 100,000 shares of AKTS and other stocks (as detailed in Crone's

24  bankruptcy petition). AKTS was one of many clients that Mark Crone brought into the law

25  firm and Mark received the subject AKTS shares (Stock Certificate) held by this entity as a

26  "finder's fee" for identifying capital for AKTS.   On or around March 24, 2015, the Akoustis

27  shares were issued to Global Advisors as a finder's fee, and not for legal fees rendered by

28

1    CKR Law to be placed in a "designee" company.  Rather, CKR Law was paid in full in cash

2    for all legal work performed for Akoustis.

3        Although Crone at the time may have agreed to share this stock with Rinde, Crone

4    was unaware at the time that Rinde had defrauded Crone and would continue a series of events

5    that would ultimately force him to resign.

6    **B.    *Equus Holdings Limited and the March 30, 3016 Foreclosure of a Pledge on a***

7    ***Loan***

8        On December 22, 2014, Equus Holdings loaned CKR Law $1,255,041.62.  This loan

9    was pledged by CKR Law; Debtor signed the Guaranty, the Promissory Note, and Stock

10    Pledge and Security Agreement on behalf of CKR Law and Jeffrey Rinde signed these

11    documents as CEO on behalf of Equus.

12        CKR law and Rinde allege they loaned Debtor $320,000 and $175,000 respectively,

13    and as alleged in the Amended Complaints for CKR Law - 01310 and Rinde - 01311 to

14    enable him to build the law practice, as a partner of CKR Law, in exchange for and described

15    as consideration for "Defendant to provide required support and assistance to CKR Law,

16    during Defendant's tenure with the law firm."  They further allege that CKR Law "made a

17    series of loans and advances to Defendant and for Defendant's benefit to, among other things,

18    defray defense costs and other expenses […]."[1]  Thereafter, Debtor was forced by Rinde out

19    of CKR Law and was "repositioned" at Rinde's demand into Vertex Advisors, the partner's

20    advisory firm.

21        ***Debtor never received the funds referenced in the Amended Complaint***, and until

22    discovery responses are received he is unable to theorize what transactions Plaintiffs are

23    referring to.  The Amended Complaints are not pled with any particularity.

24        Although the propounded discovery requests have not been received as of this date,

25    Debtor has limited financial reports sent to him by Rinde which have been provided to

26

27    _____

[1] *CKR Law v. Crone*, 17:ap-01310-BR  Am. Compl ¶12.

28

Plaintiffs in his initial disclosures.  According to the financials, money from Equus was deposited into the CKR Law trust account.  Beginning in July 16, 2015 to November 4, 2015 $659,359.00 was deposited into the CKR Law Trust account.  The only transaction disbursed to Debtor appears to be money wired by Equus (unbeknownst to Crone) to the law firm in the  amount of $49,975 remitted to Mark Crone on July 17, 2015 for the purpose of paying Mark's SEC attorneys.  This was not a loan, as Crone, one of the 2 managing partners of the law firm, had not received a draw in 10 months, and was thus owed $200k by the firm.

Tension was building up with the partners as Rinde was moving forward with a rapid expansion of the firm while Debtor was still rebuilding his own financial position as well as continuing to build up their law firm.  However, on March 30, 2016, Rinde sent Mark a series of letters notifying Mark of a "default" as defined in the Pledge Agreement and a Notice informing Mark that due to this supposed "default" Rinde, on behalf of Equus, was foreclosing on the collateral pledged:

> "This letter is notice to you of the occurrence and continuation of an Event of Default. Pursuant to section 8 of the Pledge agreement, Equus is concurrently herewith exercising the voting and all other rights as a holder of the Pledged Collateral, and subsequently collecting and receiving all cash dividends, interest, principal and other distributions made thereon and transferring and registering in its name or the name of its nominee all of the Pledged Collateral.

According to the Pledge Agreement, in the event of a default, the pledged collateral represents all dividends, distributions, cash, instruments and other property or proceeds, receivables or otherwise distributed in respect of or in exchange for any or all of such "Pledged Securities" of the interest in CKR Law.

By April 27, 2016, Rinde had cut the Debtor off from all access to information and other access to the Law Firm, including his email account.  On April 27, 2016 Rinde took action as a Sole Voting Partner of CKR Law and unilaterally amended the CKR Law LLP Partnership Agreement.

According to the financials and as alleged in the Amended Complaint, as of April, of 2016, CKR Law had over $1,350,000 in accounts receivables and considerable "work in

1   progress" that was completed by Debtor that remained to be invoiced to the clients. By Equus

2   foreclosing on the alleged loans, all of Mark's interest, equity, and future dividends, were

3   improperly foreclosed upon, giving rise to counterclaims against Rinde and entities controlled

4   by him.

5   **III.     PROCEDURAL OVERVIEW OF MARK CRONE'S CLAIMS AGAINST**

6   **RINDE**

7   *A.      2016 New York Case and Crone's Counter Claims are valued at over*

8   *$1,000,000*

9   On June 6, 2016, Jeffrey Rinde filed an action, individually against Crone and

10  derivatively on behalf of CKR Global Advisors, Vertex Limited, and CKR Law.   Crone has

11  not filed any counter or cross claims due to the automatic stay.

12  Based on what Crone knew at the time of the filing of his Chapter 7, he was unaware

13  of the full value of any of his potential claims against Rinde and stated value "unknown" on

14  his Schedule A/B of his Petition.  Through his own investigation of the documents available

15  to him, Debtor now believes that the counterclaims are worth in excess of $1 million.  Debtor,

16  through his former counsel, has offered to litigate the counterclaims in the Adversary

17  Proceedings on a contingency basis.  That has not come to fruition.  Only recently did Debtor

18  learn that the Trustee was going to offer to sell his claims against Rinde for the amount of

19  $30,000.

20  Based on CKR account ledgers Debtor received while he still had access to the

21  information, Debtor has discovered that Rinde misappropriated millions of dollars from

22  CKR's client trust account to Equus and himself personally.  See statements, Exhibit 2.

23  Rinde has refused to turn over the further trust accounting from CKR's trust account, or

24  access to Debtor's CKR email accounts, information to which Debtor is entitled.  Debtor

25  believes that this information will show even more theft by Rinde from the CKR account,

26  which strengthens his counterclaims.   Absent this critical information, the Court should

27  either deny approval of the settlement, defer it until the information is obtained, or allow

28

1  Debtor to pursue the counterclaims.

2       Secondly, Rinde ran up $110,000 in Amex charges for his personal benefit or the

3  benefit of CKR law,  (See Exhibit 3), which were charged to his card on the CKR corporate

4  card, and for which the Debtor (and now estate) is liable, including charges for cigars, Havana

5  Room, personal travel expenses, etc.  Of Amex's claim in the estate, only $20,000 represents

6  charges made by the Debtor, and the remaining $110,000 represents charges made by Rinde.

7  This misappropriation is part of the counterclaim that should be pursued.

8       Thirdly, as mentioned above, Rinde has already sold Crone's interest in the subject

9  shares of Akoustis ("AKTS") held in Megos, which Debtor was to own according to their

10  agreement, which themselves as of today's date, would be valued at $83,125.00.  This further

11  misappropriation is also a viable counterclaim to be pursued.

12       The foregoing is only the tip of the iceberg of the counterclaims against Rinde.  Upon

13  receipt of discovery responses, Debtor is confident that even more evidence will be unearthed

14  to support the counterclaims.

15  **IV.    APPLICABLE LEGAL STANDARDS**

16       The Trustee seeks approval of the Settlement Agreement for the Sale of the

17  Counterclaims for $30,000 under FRBP 9019.  A settlement may be approved if it is fair and

18  equitable when comparing the claims being compromised against the likely rewards of

19  litigation.[2]  Moreover, "[w]hen assessing a compromise, courts need not rule upon disputed

20  facts and questions of law, but rather only canvass the issues."[3]  "Otherwise, there would be

21  no point in reaching a settlement, and the parties may as well try the case." [4]

22       In approving a compromise, this Court is to consider (1) the probability of success in

23  litigation of the dispute, (2) the difficulties to be encountered, if any, in the collection of an

24

25  _____

26  [2] See generally Protective Committee for Independent Stockholders of TMT Trailer Ferry v.
    Anderson, 390 U.S. 414, 425, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968).

27  [3] Burton v. Ulrich (In re Schmitt), 215 B.R. 417, 423 (9th Cir. BAP 1997).
    [4] See Suter v. Goedert, 396 B.R. 535, 548 (D.Nev.2008).

28

award, (3) the complexity, expense, inconvenience and delay of litigation, and (4) the interest of creditors in the case, giving deference to any reasonable views expressed.[5] The party seeking approval of a compromise has the burden of persuasion. Id.  In deciding whether to approve a proposed settlement, the bankruptcy court must make an informed decision.[6] The trustee's business judgment is not alone determinative of the issue of court approval; the "court is not permitted to act as a mere rubber stamp" but must make an independent determination that the compromise is fair and equitable.[7]

The Trustee of the settlement must persuade this Court that the settlement is in the best interests of the estate.[8]  The Trustee must demonstrate more than a "mere good faith negotiation of the settlement" because the court must independently make a finding that the compromise is reasonable, fair and equitable.[9]

The Trustee must show that he made an "informed judgment after diligent investigation."[10] As the Ninth Circuit  has observed:

> At times, trustees' Rule 9010 motions seem to do little more than recite the trustees' belief that the proposed settlement is fair and offer a general statement that the several *A & C Properties* factors are met. Trustees must do more than parrot the standards or announce that they are satisfied. Their burden is to 'persuad[e] the bankruptcy court that the compromise is fair and equitable and should be approved.' *A & C Properties* at 1381. Thus, they must present a cogent and detailed factual explanation, discussing how the factors apply to the specific litigation and proposed settlement. *Id.* at 1383 (requiring a 'sufficient factual foundation' that a compromise or settlement is fair and equitable). To tolerate less would make the Court into a rubber stamp, allowing the trustee's evaluation to be determinative. The cases, of course, call upon the Court to make the ultimate judgment.

---

[5] See In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir.1986).
[6] *See In re Churchfield*, 277 B.R. 769, 773 (Bankr.E.D.Cal.2002).
[7] In re HyLoft, Inc., 451 B.R. 104 (2011)
[8] *See Goodwin v. Mickey Thompson Entertainment Group. (In re Mickey Thompson Entertainment Group, Inc.)*, 292 B.R. 415, 420–21 (9th Cir. BAP 2003).
[9] *See In re Casimiro*, **\*110**  2007 WL 1577947 at \*4 (Bankr.E.D.Cal.2007), *citing In re A & C Properties, supra*, 784 F.2d at 1381. *See also Mickey Thompson, supra*, 292 B.R. at 420–21.
[10] *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1145 (1st Cir.1992).

## V.    LEGAL ARGUMENT

Causes of action that exist independent of bankruptcy are commonly sold by bankruptcy trustees under § 363(b).   While there is some disagreement among courts about the exercise by others of the trustee's bankruptcy power to sell Debtor's causes of action, the Ninth Circuit permits such actions to be sold or transferred.[11] Thus, this Court will focus first on the transaction under ordinary sale rules.[12]

This Court's obligation in § 363(b) sales is to assure that ***optimal value is realized by the estate under the circumstances.***  The requirement of a notice and hearing operates to provide both a means of objecting and a method for attracting interest by potential purchasers. Ordinarily, the position of the trustee is afforded deference, particularly where business judgment is entailed in the analysis or where there is no objection. Nevertheless, particularly in the face of opposition by creditors, the requirement of court approval means that the responsibility ultimately is the court's.

The trustee in this case has not conducted any due diligence or investigation of the potential claims and as such the Court cannot find that he properly exercised his business judgment in ascertaining a price, given the lack of marketing and investigation here.  The price achieved by an auction is ordinarily assumed to approximate ***market value*** when there is competition by an appropriate number of bidders. As in this case, there are no bidders at this time and as the Trustee noted, there may not be any bidders because the value is "unknown" and therefore the competition is constrained.   When competition is constrained, however, the price is less likely to be reliable and should be examined more carefully. The sale of a cause of action to a defendant in circumstances in which the plaintiff is the only competitor is an example of constrained competition ***that warrants more scrutiny from this***

---

[11] *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.),* 177 F.3d 774, 781 (9th Cir.1999) ("*P.R.T.C.*"); *Briggs v. Kent (In re Prof'l Inv. Props. of Am.),* 955 F.2d 623, 625–26 (9th Cir.1992).

[12] *Simantob v. Claims Prosecutor, LLC. (In re Lahijani*), 325 B.R. 282, 288 (9th Cir. BAP 2005).

*Court*.[13]

## A.    Proposed Settlement Agreement

Under the Asset Purchase Agreement the Trustee seeks to assign his rights and claims on behalf of the bankruptcy estate ("Estate") to Jeffrey Rinde for $30,000.

However, the Trustee offered no analysis describing how he obtained the value or the costs of litigation but stated that the sale obviated the need for Trustee to prosecute and defend them.[14]    Finally, although Trustee asserted in his Motion that the proposed sale was entered into in good faith, he did not seek a "good faith" finding under § 363(m) or present any evidence of the Rinde's good faith.  Debtor estimates the value of the counterclaims at over $1.2 million, and will be amending his schedules to support this valuation.

## B.    Application of the Rule 9019 Settlement Approval Factors

Debtor objects to the Settlement Motion because the Trustee is selling the assets for a nominal amount when there is the potential for a larger recovery, and that the Trustee is seeking to release claims against Rinde, who arguably is an insider to the Debtor, essentially absolving Rinde from any liability for many causes of action in contract and in tort such as fraud, alleged self-dealings, and related corporate malfeasance.

### 1.  Likelihood of Success on the Merits

The Trustee admits that he has not undertaken the formal steps of litigation, and acknowledges his discussions with the Debtor regarding the counterclaims.  However, the

---

[13] In *Lahijani*, the Ninth Circuit, noted that there is, moreover, a problem more fundamental than the sale price that this Court is to evaluate.   In viewing the proposed sale of the estate's counterclaims, to be purchased by the counter-defendant for $30,000, the United States Supreme Court has given guidance.[13] In *Mickey Thompson* the Court teaches that it must also ***be analyzed as a compromise*** as to which this Court has an independent duty to determine whether it is "fair and equitable."[13] As in *Lahijani*, the 9th Circuit noted, "when the facades are stripped away in this case, the only bidders were a defendant (who apparently was acting in the interest of all fellow defendants) and the plaintiffs (creditors who held about 70 percent of the debt). While the plaintiffs (our appellant) did not bid more than $160,000, they were willing to add, even though the trustee did not want to hear it, a portion of the net return. ***The trustee's zero valuation does not inspire confidence in his business judgment***."[13]

[14]

1   Trustee's Motion lacks any analysis of the operative facts underlying the counterclaims. As

2   such, there is insufficient evidence to support the Trustee's conclusion that this factor

3   supports approval. And, the information provided by the Debtor herein, and to be obtained

4   in discovery in the future, supports the strength of the counterclaims. As such, this Court

5   should find that the Likelihood of Success factor favors disapproval of the Motion.

6                                               2.   Collection Difficulties.

7          The Trustee asserts that because Rinde spends much of his time in China, that

8   collection on a judgment would be difficult. However, the Trustee acknowledges that Rinde

9   has business interests and assets in the US, including his interest in Ascendant Global

10  Advisors, which owns nearly $1 million worth of marketable securities in Akoustis, a US

11  company. Accordingly, this factor also favors disapproval of the settlement.

12                                              3.   Complexity of the Litigation

13         The Trustee admits that the claims are not complex and that this factor does not weigh

14  in favor of approval of the settlement. (Motion, page 11, lines 22-25).

15                                  4.   Inconvenience/Delay/Interest of Creditors

16         The Trustee asserts that continuing the litigation will be time consuming and

17  potentially costly. However, the $30,000 settlement proposed will not make a meaningful

18  difference in the recovery to unsecured creditors in this case such as Amex and others. And,

19  the Debtor respectfully disputes the trustee's concern about the costs of litigation, as his

20  counsel previously offered to take the case on a contingency fee basis. As such, the Trustee

21  should either abandon the claims to the Debtor or pursue them for the benefit of the estate,

22  so that a meaningful recovery can be obtained for creditors.

23  **VI.    CONCLUSION**

24         For all of the reasons discussed, Debtor respectfully requests that this Court deny the

25  Motion or, in the alternative, continue it to allow more information on the validity and extent

26  of the counterclaims to be determined.

27

28

Dated:  May 22, 2018

Respectfully submitted,

/s/Leslie Cohen, Esq.
Leslie Cohen Law PC

*Attorney for Mark Crone*

### DECLARATION OF MARK CRONE

I, Mark Crone, declare as follows:

1.      I am an individual over the age of eighteen and I am the debtor in bankruptcy case number 2:17-bk-12392-BR.  Except as otherwise indicated, all statements made herein are based on my personal knowledge or my review of relevant documents.  If called to testify as a witness in this matter, I could and would competently testify under oath to the truth of the statements set forth herein.

2.      I filed a voluntary Chapter 7 petition on March 14, 2017

3.      There are 3 Adversary Proceedings pending related to the chapter 7.  Currently I am waiting for discovery responses from all Plaintiffs, including Jeff Rinde and CKR Law, which are now late and may require a motion to compel.  Once that discovery is obtained, I anticipate I will have access to critical evidence that will allow the claims to be defeated and the counterclaims successfully prosecuted for the benefit of the estate and parties in interest.

4.      At the inception of the contractual relationship between me and Rinde, Rinde, informed me that he owned directly and controlled two offshore entities: Megos Trading Corp. Limited ("**Megos**"), and Equus Holdings Limited ("**Equus**").  We agreed that Rinde would retain his 100% ownership of Equus, and that the 100% ownership interest in Megos would be transferred to me.  I believe that Rinde used Equus as an offshore vehicle to insulate himself and his assets from tax liability by keeping his assets offshore while purporting to earn no income and negotiating an offer in compromise with the IRS to discharge over $400k in outstanding overdue tax liabilities to the IRS.  See notices of lien, Exhibit 1.

5.      Despite my repeated requests to Rinde throughout the duration of the partnership to complete the change in ownership of Megos to me, Rinde consistently stated that he was too busy and that due to banking laws Rinde would need to go to Hong Kong to complete the change, but not to worry, that he would take care of it in due course.  Meanwhile, except on rare occasion, 50% of each stock position that the CKR partnership received from a client was placed for me into Megos, and 50% of such stock position was placed for Rinde

into Equus (I signed subscription agreements for stock positions as CEO of Megos on several occasions).  Among other grants, Rinde and I received twenty-five thousand (25,000) shares of stock in an entity named Akoustis (AKTS). At the time that these Akoustis shares were received, the shares were again placed equally into Megos and Equus, as had been the parties' custom and practice.

6.    Although the parties agreed that Rinde would control Equus and that the ownership interest in Megos would be transferred to me exclusively, as with other representations made by Rinde, Rinde failed to adhere to the terms of our contractual agreement. Upon information and belief, Rinde has already sold my interest in the subject shares of Akoustis ("AKTS") held in Megos, which themselves as of today's date, would be valued at $83,125.00. forming the basis for one aspect of the counterclaims. In addition, other stocks are still in Megos that belong to me, as disclosed in my bankruptcy schedules.

7.    In addition to the shares held in Megos, I owned 50% of Global Advisors, which currently also holds 100,000 shares of AKTS and other stocks (as detailed in my bankruptcy petition). AKTS was one of many clients that I brought into the law firm and I received the subject AKTS shares (Stock Certificate) held by this entity as a "finder's fee" for identifying capital for AKTS.   On or around March 24, 2015, the Akoustis shares were issued to Global Advisors as a finder's fee, and not for legal fees rendered by CKR Law to be placed in a "designee" company.   Rather, CKR Law was paid in full in cash for all legal work performed for Akoustis.

8.    Although I, at the time, may have agreed to share this stock with Rinde, I was unaware at the time that Rinde had defrauded me and would continue a series of events that would ultimately force him to resign.

9.    I was forced by Rinde out of CKR Law and was "repositioned" at Rinde's demand into Vertex Advisors, the partner's advisory firm.

10.    On December 22, 2014, Equus Holdings loaned CKR Law $1,255,041.62. This loan was pledged by CKR Law; I signed the Guaranty, the Promissory Note, and Stock

Pledge and Security Agreement on behalf of CKR Law and Jeffrey Rinde signed these documents as CEO on behalf of Equus.

11.     ***I never received the funds referenced in the Amended Complaint***, and until discovery responses are received I was unable to theorize what transactions Plaintiffs are referring to.

12.     Although the propounded discovery requests have not been received as of this date, I have limited financial reports sent to me by Rinde which have been provided to Plaintiffs in my initial disclosures.[15] Rinde had full control of the financials of CKR Law and did not allow me to have full access and would not provide any financial documents to me to assist with my settlement with IRS even after resignation. According to the financials, money from Equus was deposited into the CKR Law trust account.  Beginning in July 16, 2015 to November 4, 2015 $659,359.00 was deposited into the CKR Law Trust account. The only transaction disbursed to me appears to be money wired by Equus (unbeknownst to me) to the law firm in the  amount of $49,975 remitted to me on July 17, 2015 for the purpose of paying my SEC attorneys.  This was not a loan, as I, one of the 2 managing partners of the law firm, had not received a draw in 10 months, and was thus owed $200k by the firm.

13.     Tension was building up with the partners as Rinde was moving forward with a rapid expansion of the firm while I was still rebuilding my own financial position as well as continuing to build up our law firm.  However, on March 30, 2016, Rinde sent me a series of letters notifying me of a "default" as defined in the Pledge Agreement and a Notice informing me that due to this supposed "default" Rinde, on behalf of Equus, was foreclosing on the collateral pledged.[16]

---

[15] Rinde had full control of the financials of CKR Law and did not allow Mark to have full access and would not provide any financial documents to Crone to assist with his settlement with IRS even after resignation.

14.     By April 27, 2016, Rinde had cut me off from all access to information and other access to the Law Firm, including my email account.  On April 27, 2016 Rinde took action as a Sole Voting Partner of CKR Law and unilaterally amended the CKR Law LLP Partnership Agreement.

15.     According to the financials and as alleged in the Amended Complaint, as of April, of 2016, CKR Law had over $1,350,000 in accounts receivables and considerable "work in progress" that was completed by me that remained to be invoiced to the clients.  By Equus foreclosing on the alleged loans, all of my interest, equity, and future dividends, were improperly foreclosed upon, giving rise to counterclaims against Rinde and entities controlled by him.

16.     On June 6, 2016, Jeffrey Rinde filed an action, individually against me and derivatively on behalf of CKR Global Advisors, Vertex Limited, and CKR Law.    I have not filed any counter or cross claims due to the automatic stay.

17.     Based on what I knew at the time of the filing of my Chapter 7, I was unaware of the full value of any of my potential claims against Rinde and stated value "unknown" on my Schedule A/B of his Petition.  Through my own investigation of the documents available to me, I now believe that the counterclaims are worth in excess of $1 million.  I have offered to litigate the counterclaims in the Adversary Proceedings on a contingency basis.  That has not come to fruition.  Only recently did I learn that the Trustee was going to offer to sell my claims against Rinde for the amount of $30,000.

18.     Based on CKR account ledgers I received while I still had access to the information, I have discovered that Rinde misappropriated millions of dollars from CKR's client trust account to Equus and himself personally.   True and correct copies of these statements are attached hereto as ***Exhibit 2.***  Rinde has refused to turn over the further trust accounting from CKR's trust account, or access to my CKR email accounts, information to which I am entitled.  I believe that this information will show even more theft by Rinde from the CKR account.

19.    Rinde ran up $110,000 in Amex charges for his personal benefit or the benefit of CKR law,  which were charged to his card on the CKR corporate card, and for which I (and now my bankruptcy estate) am liable, including charges for cigars, Havana Room, personal travel expenses, etc.  True and correct copies of the Amex statement showing these charges are attached as Exhibit 3.  This misappropriation is part of the counterclaim that should be pursued.  Of Amex's $130,000 claim asserted in the estate, only $20,000 represents charges made by me.  The balance represents charges made by Rinde.

20.    Thirdly, as mentioned above, Rinde has already sold my interest in the subject shares of Akoustis ("AKTS") held in Megos, which I was to own according to our agreement, which themselves as of today's date, would be valued at $83,125.00.   This further misappropriation is also a viable counterclaim to be pursued.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May  22, 2018, at  Chengdu China.

_____
Mark Crone

**EXHIBIT 1**

3592

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (800) 913-6050 | Serial Number 812489511 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Internal Revenue Service *
PO Box 145595
Cincinnati OH 45250-5595

Name of Taxpayer  JEFFREY A & JODIE L RINDE

Residence        305 COMPO RD S
                 WESTPORT, CT 06880-6516

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2008 | XXX-XX-9354 | 10/06/2010 | 11/05/2020 | 157676.83 |
| 1040 | 12/31/2009 | XXX-XX-9354 | 11/22/2010 | 12/22/2020 | 79146.03 |

STATE OF MONTANA RAVALLI COUNTY  Page: 1 of 1
DOCUMENT: 646695 FED TAX LN
RECORDED: 09/13/2011 12:16
REGINA PLETTENBERG  CLERK AND RECORDER
FEE: $7.00 BY: *Lisa Montgomery*

| Place of Filing | Clerk and Recorder Ravalli County Hamilton, MT 59840 | Total | $ 236822.86 |
|---|---|---|---|

This notice was prepared and signed at _____ SEATTLE, WA _____ , on this,

the ___02nd___ day of ___September___, ___2011___.

| Signature for FRED BANKS | Title ACS  SBSE (800) 829-3903 | 21-00-0008 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form **668(Y)(c)** (Rev. 2-2004)

CRONE BK 12392    000002025X

STATE OF MONTANA RAVALLI COUNTY Page: 1 of 5
DOCUMENT: 668157 TAX
RECORDED: 6/7/2013 9:48:06 AM
Regina Plettenberg, CLERK AND RECORDER
Fee $0.00 By _____ Deputy

# CERTIFICATE OF REDEMPTION OF PROPERTY SOLD FOR TAXES

STATE OF MONTANA ⎤

COUNTY OF RAVALLI ⎦

No. **1082**

I, Marie Keeton, the Treasurer of Ravalli County, in the State of Montana, certify the following:

1. For tax year 2011 thru 2012 the taxes were delinquent on the following real property:

**SEE ATTACHED EXHIBIT "A"**

**PARCEL #1062930**

2. The tax lien on the property was sold on APRIL 1ST, 2013 on Tax Lien Assignment No. 13-923

3. The tax lien was redeemed on June 5, 2013 by the payment of

| | |
|---|---|
| Taxes | $388.06 |
| Penalty | 5.84 |
| Interest | 31.81 |
| Fees & Costs | 78.40 |
| TOTAL | $504.11 |

made by RAVALLI CO BANK for JODIE RINDE. This document dated this 5TH day of JUNE, 2013.

Marie Keeton
Treasurer, Ravalli County

BY _____ Deputy

215 S 4th Street, Suite H
Hamilton MT 59840-2703
Redemption Receipt

Date Redm:    06/05/13
Tax ID:       1062930
Assn. #:      13923

Assigned to:  HMC REAL ESTATE LLC
Redeemed by:  RAVCO BANK FOR RINDE CK 56534

```
        Name & Address                    TW Rang SC  Description
-------------------------------------     ------------------------------------------
RINDE JODIE                               2S /22  /22
                                          IN S1-2NE LOT 1 INDEX 3
305 COMPO RD S                            74.24 AC
                                          ASSIGN#13-923
WESTPORT  CT 06880-6516                   Geo: 0766-22-1-01-01-0000
```

| Year | Tax Date | Tax Amount | Penalty | Interest | Total Amount |
|------|----------|------------|---------|----------|--------------|
| 11 | 11/30/11 | 97.26 | 1.95 | 12.99 | 112.20 |
| 11 | 05/31/12 | 97.21 | 1.95 | 8.12 | 107.28 |
| | Total for  11 | 194.47 | 3.90 | 21.11 | 219.48 |
| 12 | 11/30/12 | 96.81 | 1.94 | 3.23 | 101.98 |
| 12 | 05/31/13 | 96.78 | 0.00 | 0.00 | 96.78 |
| | Total for  12 | 193.59 | 1.94 | 3.23 | 198.76 |
| Total for all years | | 388.06 | 5.84 | 24.34 | 418.24 |

```
              Interest Amount on Assignment $          7.47
                          Costs:
                                   Admin Costs $    75.00
                                      POSTAGE $      3.40
                                   Total Costs $    78.40


                          Total Redemption $        504.11
```

CRONE BK 12392   000004

668157 - Page: 2 of 5

668157 - Page: 3 of 5



STATE OF MONTANA RAVALLI COUNTY Page: 1 of 6
DOCUMENT: 665812 TAX
RECORDED: 4/3/2013 8:57:50 AM
Regina Plettenberg CLERK AND RECORDER
Fee $0.00 By                                      Deputy

# ASSIGNMENT BY COUNTY TREASURER #923

I, Marie Keeton, the Treasurer of Ravalli County, State of Montana, hereby certify that
a tax sale for tax year 2011 in the County of Ravalli, was held on JULY 17, 2012 for
the purpose of liquidating delinquent assessments, and I further certify that a property
tax lien for delinquent taxes on the following property:

**SEE ATTACHED EXHIBIT "A"**

**PARCEL #1062930**

was offered for sale and that there was no purchaser of the property tax lien. Accordingly,
the county was listed as the purchaser as required by 15-17-214 MCA.

As of the date of this certificate, the delinquency, including penalties, interest, and costs
amounting to $ 493.24 has not been liquidated by the person to whom the property was
assessed, nor has the delinquency been otherwise redeemed.

Because there has been no liquidation of the delinquency or other redemption, I hereby
assign all rights, title, and interest of the county of Ravalli, state of Montana, acquired in
such property by virtue of the sale to HMC REAL ESTATE, LLC, PO BOX 2163, GREAT
FALLS MT 59403 to proceed to obtain a tax deed to the property or receive payment in
case of redemption as provided by law.

Witness my official seal of office this 1ST day of APRIL, 2013

Years (2011 - 2012)                          $418.24
Other Costs                                   75.00

Marie Keeton
Ravalli County Treasurer

By _Linda Isaacs_
   Deputy

RETURN TO:
TREASURER'S DEPT

STATE OF MONTANA RAVALLI COUNTY                    592123                Page 2 of 4
RECORDED: 07/20/2007  3:41 QUIT CLAIM

**Exhibit A**

PARCEL 1:    *1062940*

A tract of land in the S½ of Section 15, Township 2 South, Range 22 West, P.M.M.,
Ravalli County, Montana, and being more particularly described as Parcel 4, Certificate
of Survey No. 465445-R.

AND

PARCEL 2:    *1062930*

Government Lot 1, and the S½NE¼, Section 22, Township 2 South, Range 22 West,
P.M.M., Ravalli County, Montana.

EXCEPTING AND RESERVING THREFROM that portion of the SE¼SW¼,
SW¼SE¼ of Section 15, and Government Lots 2 and 3 in Section 22, all in Township 2
South, Range 22 West, P.M.M., Ravalli County, Montana, and being more particularly
described on Certificate of Survey No. 1346.

ALSO EXCEPTING AND RESERVING THEREFROM that portion deeded to the
United States of America in Book 112 Deeds, page 347.

ALSO EXCEPTING AND RESERVING THEREFROM a tract of land in the SE¼NE¼
of Section 22, Township 2 South, Range 22 West, P.M.M., Ravalli County, Montana, and
being more particularly described as follows:

Beginning 23.5 feet S. 0°1' West from the East quarter section corner of Section 22;
thence N. 0°1' East 372 feet, to the Northeast corner of said parcel; thence N.89°6'15"
West 2624.3 feet to the Northwest corner; thence S.0°2' West, 372 feet to Southwest
corner; thence S.89°56'15" East 1176.3 feet; thence N.14°22' East, 216.25 feet; thence
N.89°56'15" East 207.5 feet; thence S.14°22' West, 216.25 feet; thence S.89°56'15"
East 1241 feet to the point of beginning, as recorded in Book 128 Deeds, page 590 and
shown as Parcel D, Certificate of Survey No. 2653.

ALSO EXCEPTING AND RESERVING THEREFROM a tract of land in the NE¼
Section 22, Township 2 South, Range 22 West, P.M.M., Ravalli County, Montana, and
being more particularly described as follows:

Commencing at the East quarter corner of Section 22, Township 2 South, Range 22 West,
P.M.M.; thence N.0°21'07" W. a distance of 348.50 feet; thence N.89°35'54" W. a
distance of 435.66 feet to the beginning; thence continuing N.89°35'54" W. a distance of
1333.08 feet; thence N.16°56'01" W. a distance of 168.00 feet; thence S.89°35'54" E. a
distance of 1383.14 feet; thence S.0°24'06" W. a distance of 160.37 feet to the
beginning as recorded in Book 150 Deeds, page 30.

ALSO EXCEPTING AND RESERVING THEREFROM the following:

PARCEL B:

That portion of the NE¼ of Section 22, Township 2 South, Range 22 West, P.M.M.,
Ravalli County, Montana, described as follows:

Commencing at the East quarter corner of Section 22, Township 2 South, Range 22 West,
P.M.M.; thence N.0°21'07" W., a distance of 348.50 feet; thence N.89°35'54" W., a
distance of 1768.74 feet to the beginning; thence continuing N.89°35'54" W., a distance
of 857.26 feet; thence N.0°28'36" W., a distance of 566.88 feet; thence S.89°35'54" E.,
a distance of 679.57 feet; thence S.16°56'01" E., a distance of 593.86 feet to the
beginning as recorded in Book 188 of Deeds, page 921.

668157 - Page: 5 of 5

Return to:  First Montana Title Co.  P.O. Box 513, Hamilton, MT, 59840

| Form **669-C**<br>(September 2008) | Department of the Treasury – Internal Revenue Service<br>**Certificate of Discharge of Property From Federal Tax Lien**<br>*(Section 6325(b)(2)(B) of the Internal Revenue Code)* |
| --- | --- |

JEFFREY A RINDE of 305 COMPE ROAD SOUTH, City of WESTPORT, County of Fairfield, State of CONNECTICUT, is indebted

to the United States for unpaid internal revenue tax in the sum of two hundred thirty six thousand eight hundred twenty two dollars

and eight six cents ($236,822.86) as evidenced by:

| Notice of Federal<br>Tax Lien<br>Serial Number<br>(a) | Recording Information<br>(b) | Date Recorded<br>(c) | Taxpayer Identification Number<br>(d) | Amount Shown on Lien<br>(e) |
| --- | --- | --- | --- | --- |
| 812490811 | 583966007 | 09/12/2011 | XXX-XX-9354 | $236,822.86 |
| 812489511 | 646695 | 09/13/2011 | XXX-XX-9354 | $236,822.86 |

A lien attaching to all the property of the taxpayer was filed to secure the amount owed. The notice of lien was filed with the Clerk and Recorder, for the County of Ravalli, and also with the Secretary of State for the state of Montana, in accordance with the applicable provisions of law.

The lien listed above is attached to certain property described as:

A tract of land located in and being a portion of the NE1/4NE1/4 of Section 8, Township 5 North, Range 20 West, P.M.M., Ravalli County, Montana, and being more particularly described as Tract 4A Certificate of Survey No. 5578-R. Together with irrigation easement as recorded in Document No. 593244.

**STATE OF MONTANA RAVALLI COUNTY Page: 1 of 1**
DOCUMENT: 696124 PART RELEASE - LIENS
RECORDED: 2/24/2016 11:42:08 AM
Regina Plettenberg, CLERK AND RECORDER
Fee $0.00 By _____ Deputy

NOTE: Always include the address of real property or a descriptive narrative of personal property in this section when using "See Attachment" and a more detailed description is being attached.

The United States' interest in the above described property under the referenced lien is now valueless. Therefore, under Section 6325(b)(2)(B) of the Internal Revenue Code, the Internal Revenue Service discharges the above described property from the lien. However, the lien remains in effect for all other property, or rights to property, to which the lien is attached.

| Signature<br>ANDREA B VENTURA | Title<br>ADVISORY GROUP MANAGER | Date |
| --- | --- | --- |

(Note: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Discharge of Federal Tax Lien. Rev. Rul. 71-466, 1971-2, C.B. 409.)

Catalog No. 16751C

Form **669-C** (Rev. 9-2008)

| Form 668 (Y)(c)<br>(Rev. February 2004) | 11874 | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** | | |
|---|---|---|---|---|

| Area:<br>SMALL BUSINESS/SELF EMPLOYED AREA #1<br>Lien Unit Phone: (800) 913-6050 | Serial Number<br><br>990649714 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

INTERNAL REVENUE SERVICE
STOP 8420G
PO BOX 145595
CINCINNATI OH 45250-9732

Name of Taxpayer JEFFREY A & JODIE L RINDE

Doc ID:     003127310001 Type: LAN
Book 3513 Page 310
File# 5492

Residence         183 ROSEVILLE RD
                  WESTPORT, CT 06880-0000

Received for Record at Westport, CT
On 03/31/2014 At 3:46:36 pm

*Patricia H. Strauss, Town Clerk*

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period<br>Ending<br>(b) | Identifying Number<br>(c) | Date of<br>Assessment<br>(d) | Last Day for<br>Refiling<br>(e) | Unpaid Balance<br>of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2011 | XXX-XX- | 11/19/2012 | 12/19/2022 | 49354.01 |
| 1040 | 12/31/2012 | XXX-XX- | 12/23/2013 | 01/22/2024 | 34959.62 |

| Place of Filing | | |
|---|---|---|
| TOWN CLERK<br>WESTPORT Town of<br>WESTPORT, CT 06880 | Total | $      84313.63 |

This notice was prepared and signed at _____MANHATTAN, NY_____, on this,

the ____21st____ day of ____March____, ____2014____.

| Signature<br><br>for MARIE A HENRY | Title<br>REVENUE OFFICER<br>(203) 384-6828 | 21-02-1520 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office    CRONE BK 12392 (Y)(c)
CAT. NO 60025X

4804

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (800) 913-6050 | Serial Number 837708111 | For Optional Use by Recording Office |
|---|---|---|

R/E

IRS

P.O. BOX 145595

Cincinnati, OH, 45250

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer JEFFREY A & JODIE L RINDE

Doc ID:    002338260001 Type: LAN
Book 3264 Page 70
File# 3805

Residence          305 COMPO RD S
                   WESTPORT, CT 06880-6516

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

Received for Record at Town of Westport, CT
On 01/04/2012 At 2:11:18 pm

*Patricia H. Strauss*
Patricia H. Strauss, Town Clerk

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2010 | XXX-XX-9354 | 11/28/2011 | 12/28/2021 | 150547.21 |

Place of Filing

          TOWN CLERK
          WESTPORT Town of
          WESTPORT, CT 06880

| | Total | $ | 150547.21 |
|---|---|---|---|

This notice was prepared and signed at _____ MANHATTAN, NY _____ , on this,

the ____21st____ day of ____December____ , ____2011____.

| Signature for BRUCE E BERRIEN | Title REVENUE OFFICER (203) 384-6821 | 21-02-1524 |
|---|---|---|

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office   CRONE BK 12392    Form 668(Y)(c) (Rev. 2-2004)
CAT. NO 60025X

11874

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (800) 913-6050 | Serial Number 812491411 | For Optional Use by Recording Office |
|---|---|---|

R/E

IRS
P.O. BOX 145595
Cincinnati, OH, 45250

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer JEFFREY A & JODIE L RINDE

Doc ID: 002214190001 Type: LAN
Book 3226 Page 161
File# 1299

Residence      305 COMPO RD S
               WESTPORT, CT 06880-6516

Received for Record at Town of Westport, CT
On 09/13/2011 At 10:26:35 am

Patricia H. Strauss, Town Clerk

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2008 | XXX-XX-9354 | 10/06/2010 | 11/05/2020 | 157676.83 |
| 1040 | 12/31/2009 | XXX-XX-9354 | 11/22/2010 | 12/22/2020 | 79146.03 |

| Place of Filing TOWN CLERK WESTPORT Town of WESTPORT, CT 06880 | Total | $ 236822.86 |
|---|---|---|

This notice was prepared and signed at _____ MANHATTAN, NY _____ , on this,

the ___ 02nd ___ day of ___ September ___, 2011.

| Signature for FRED BANKS | Title ACS SBSE (800) 829-3903 | 21-00-0008 |
|---|---|---|

(NOTE: Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office       Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

CRONE BK 12392 00010

11874

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (800) 913-6050 | Serial Number 796014211 | For Optional Use by Recording Office |
|---|---|---|

R / E
IRS
P.O BOX 145595
Cincinnah, OH, 45250

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer JEFFREY A & JODIE L RINDE

Residence          305 COMPO RD S
                   WESTPORT, CT 06880

Doc ID:      002125350001 Type: LAN
Book 3208 Page 202
File# 89

Received for Record at Town of Westport, CT
On 07/06/2011 At 2:38:16 pm
Patricia H. Strauss, Town Clerk

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2008 | XXX-XX-2011 | 12/06/2010 | 01/05/2021 | 157676.83 |
| 1040 | 12/31/2009 | XXX-XX-2011 | 11/22/2010 | 12/22/2020 | 79146.03 |

| Place of Filing | TOWN CLERK WESTPORT Town of WESTPORT, CT 06880 | | Total | $        236822.86 |
|---|---|---|---|---|

This notice was prepared and signed at          MANHATTAN, NY          , on this,

the ___23rd___ day of ___June___ , ___2011___ .

| Signature for FRED BANKS | Title ACS SBSE (800) 829-3903 | 21-00-0008 |
|---|---|---|

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

**EXHIBIT 2**

# CKR Law LLP
## Holding/Wire Account Ledger
### July 1, 2014 through January 12, 2016

| Type | Date | Num | Source Name | Account | Amount | Balance |
|---|---|---|---|---|---|---|
| Check | 10/7/2015 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 247.00 | -4,808.50 |
| Check | 10/7/2015 | Wire | Broadridge ICS | Transfer To/From Holding Acct | 1,710.26 | -3,098.24 |
| Check | 10/7/2015 | Debit | Citibank, N.A. | Transfer To/From Holding Acct | 17.50 | -3,080.74 |
| Check | 10/29/2015 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 200.00 | -2,880.74 |
| Total | | | | | -2,880.74 | -2,880.74 |
| Deposit | 4/9/2015 | | | Transfer To/From Holding Acct | -56,460.00 | -56,460.00 |
| Deposit | 4/9/2015 | | | Transfer To/From Holding Acct | -4,700.00 | -61,160.00 |
| Check | 4/9/2015 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 56,460.00 | -4,700.00 |
| Check | 4/20/2015 | | CKR Law LLP | Transfer To/From Holding Acct | 4,700.00 | 0.00 |
| | | | | | 0.00 | 0.00 |
| Deposit | 10/3/2014 | Transfer | CKR Law LLP | Financial Instruments | -2,500.00 | -2,500.00 |
| Check | 10/7/2014 | | | Expenses-Financial Instruments | 2,500.00 | 0.00 |
| | | | | | 0.00 | 0.00 |
| **Endeavor Global Partners** | | | | | | |
| Deposit | 12/22/2014 | | | Financial Instruments | -1,190,920.28 | -1,190,920.28 |
| Deposit | 12/22/2014 | | | Financial Instruments | -72,948.92 | -1,263,869.20 |
| Deposit | 12/22/2014 | | | Financial Instruments | -24,503.74 | -1,288,372.94 |
| Deposit | 12/22/2014 | | | Financial Instruments | -1,025,000.00 | -2,313,372.94 |
| Deposit | 12/22/2014 | | | Financial Instruments | -54,471.36 | -2,367,844.30 |
| Deposit | 12/22/2014 | | | Financial Instruments | -37,440.42 | -2,405,284.72 |
| Deposit | 12/22/2014 | | | Financial Instruments | -21,680.48 | -2,426,965.20 |
| Deposit | 12/22/2014 | | | Financial Instruments | -21,215.30 | -2,448,180.50 |
| Deposit | 12/22/2014 | | | Financial Instruments | -11,819.50 | -2,460,000.00 |
| Deposit | 12/22/2014 | | | Financial Instruments | -30,000.00 | -2,490,000.00 |
| Check | 12/22/2014 | | CKR Law LLP | Expenses-Financial Instruments | 30,000.00 | -2,460,000.00 |
| Check | 12/22/2014 | | Equus Holdings Limited | Expenses-Financial Instruments | 1,255,041.62 | -1,204,958.38 |
| Check | 12/22/2014 | Wire | Zellex Management Services Ltd. | Expenses-Financial Instruments | 1,000,000.00 | -204,958.38 |
| Check | 12/22/2014 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 204,958.38 | 0.00 |
| Total Endeavor Global Partners | | | | | 0.00 | 0.00 |
| **Endeavor Global Partners** | | | | | | |
| Deposit | 7/25/2014 | | | Financial Instruments | -2,700,000.00 | -2,700,000.00 |
| Check | 7/28/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 325,000.00 | -2,375,000.00 |
| Check | 7/28/2014 | Wire | Ivan Berkowitz | Expenses-Financial Instruments | 50,000.00 | -2,325,000.00 |
| Check | 7/28/2014 | Wire | Paul C. Psarris | Expenses-Financial Instruments | 75,000.00 | -2,250,000.00 |
| Check | 7/28/2014 | Wire | Stonehill Business Capital Corp. | Expenses-Financial Instruments | 25,000.00 | -2,225,000.00 |
| Check | 7/29/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 325,000.00 | -1,900,000.00 |
| Check | 7/29/2014 | Wire | Zellex Ltd. | Expenses-Financial Instruments | 1,358,715.54 | -541,284.46 |
| Check | 7/29/2014 | | Equus Holdings Limited | Expenses-Financial Instruments | 200,284.46 | -341,000.00 |
| Check | 7/30/2014 | Wire | Juntion Development Hong Kong Ltd. | Expenses-Financial Instruments | 330,000.00 | -11,000.00 |
| Check | 10/1/2014 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 11,000.00 | 0.00 |
| Total Endeavor Global Partners | | | | | 0.00 | 0.00 |
| **Endeavor Global Partners (2)** | | | | | | |
| Deposit | 8/13/2014 | | | Financial Instruments | -1,340,000.00 | -1,340,000.00 |
| Check | 8/13/2014 | Wire | Zellex Ltd. | Expenses-Financial Instruments | 1,340,000.00 | -123,584.33 |

CRONE BK 12392 000162

## CKR Law LLP
## Holding/Wire Account Ledger
July 1, 2014 through January 12, 2016

| Type | Date | Num | Source Name | Account | Amount | Balance |
|------|------|-----|-------------|---------|--------|---------|
| Check | 8/25/2014 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 123,584.33 | 0.00 |
| **Total Endeavor Global Partners (2)** | | | | | 0.00 | 0.00 |
| **Endeavor Global Partners (HK) Ltd.** | | | | | | |
| Deposit | 11/2/2015 | | Harbor Cap Partners LLC | Financial Instruments | -1,500,000.00 | -1,500,000.00 |
| Check | 11/4/2015 | Wire | BMR Consulting | Expenses-Financial Instruments | 550,000.00 | -950,000.00 |
| Check | 11/4/2015 | Wire | Equus Holdings Limited | Expenses-Financial Instruments | 500,000.00 | -450,000.00 |
| Check | 11/4/2015 | Wire | Endeavor Global Partners Corp. | Expenses-Financial Instruments | 22,500.00 | -427,500.00 |
| Check | 11/4/2015 | Transfer | CKR Law LLP Attorney Trust Account | Expenses-Financial Instruments | 2,500.00 | -425,000.00 |
| Check | 11/4/2015 | Wire | ZCA Advisors Inc. | Expenses-Financial Instruments | 187,500.00 | -237,500.00 |
| Check | 11/4/2015 | Transfer | CKR Law LLP Attorney Trust Account | Expenses-Financial Instruments | 187,500.00 | -50,000.00 |
| Check | 11/4/2015 | Transfer | CKR Law LLP | Expenses-Financial Instruments | 50,000.00 | 0.00 |
| **Total Endeavor Global Partners (HK) Ltd.** | | | | | 0.00 | 0.00 |
| Deposit | 7/31/2014 | | | Transfer To/From Holding Acct | -154,915.81 | -154,915.81 |
| Deposit | 7/31/2014 | | | Transfer To/From Holding Acct | -5,525.00 | -160,440.81 |
| Check | 7/31/2014 | Transfer | | Transfer To/From Holding Acct | 154,915.81 | -5,525.00 |
| Check | 7/31/2014 | Transfer | | Transfer To/From Holding Acct | 5,525.00 | 0.00 |
| Deposit | 8/4/2014 | | | Transfer To/From Holding Acct | -7,819.00 | -7,819.00 |
| Check | 8/4/2014 | Transfer | | Transfer To/From Holding Acct | 7,819.00 | 0.00 |
| | | | | | 0.00 | 0.00 |
| Deposit | 7/31/2014 | | | Transfer To/From Holding Acct | -3,000.00 | -3,000.00 |
| Check | 7/31/2014 | Transfer | | Transfer To/From Holding Acct | 3,000.00 | 0.00 |
| | | | | | 0.00 | 0.00 |
| **Equus Holdings (HK) Limited** | | | | | | |
| Deposit | 9/24/2015 | | Jeff Rinde | Transfer To/From Holding Acct | -49,975.00 | -49,975.00 |
| Check | 9/24/2015 | Wire | | Transfer Agent Fees | 10,000.00 | -39,975.00 |
| Check | 9/24/2015 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 39,975.00 | 0.00 |
| **Total Equus Holdings (HK) Limited** | | | | | 0.00 | 0.00 |
| Deposit | 8/1/2014 | | | Transfer To/From Holding Acct | -2,700.00 | -2,700.00 |
| Check | 8/4/2014 | Transfer | | Transfer To/From Holding Acct | 2,700.00 | 0.00 |
| Deposit | 8/21/2014 | | | Transfer To/From Holding Acct | -1,201.00 | -1,201.00 |
| Check | 8/21/2014 | Wire | Securities and Exchange Commission | Filing Fees | 1,201.00 | 0.00 |
| Deposit | 3/5/2015 | | | Transfer To/From Holding Acct | -17,500.00 | -17,500.00 |
| Check | 3/5/2015 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 17,500.00 | 0.00 |
| | | | | | 0.00 | 0.00 |
| Deposit | 9/19/2014 | | | Transfer To/From Holding Acct | -5,000.00 | -5,000.00 |
| Check | 10/15/2014 | Transfer | CKR Law LLP | Transfer To/From Holding Acct | 5,000.00 | 0.00 |
| | | | | | 0.00 | 0.00 |
| Deposit | 9/30/2015 | | | Transfer To/From Holding Acct | -5,000.00 | -5,000.00 |

CRONE BK 12392 000162

**EXHIBIT 3**



**Business Centurion® Card**
THE CRONE LAW GROUP
MARK E CRONE
Closing Date 01/08/16   Next Closing Date 02/07/16

**OPEN**℠

p. 1/17

Account Ending 7-28008

| New Balance | $45,209.10 |
|---|---|
| **Please Pay By** | **01/24/16 ‡** |

† Payment is due upon receipt. We suggest you pay by the Please Pay By date.

➡ See page 2 for important information about your account.

ⓘ New York residents may contact the New York Department of Financial Services to obtain a comparative listing of credit card rates, fees and grace periods by calling 1-800-518-8866.

**Membership Rewards® Points**
Available and Pending as of 11/30/15
**815,057**
For up to date point balance and full program details, visit **membershiprewards.com**

**Account Summary**

| Previous Balance | $58,485.32 |
|---|---|
| Payments/Credits | -$59,229.48 |
| New Charges | +$45,953.26 |
| Fees | +$0.00 |
| **New Balance** | **$45,209.10** |

Days in Billing Period:  30

**Customer Care**

**Pay by Computer**
open.com/pbc

**Customer Care**          **Pay by Phone**
1-800-297-3333            1-800-472-9297

➡ See Page 2 for additional information.



↓ Please fold on the perforation below, detach and return with your payment ↓

**Payment Coupon**
Do not staple or use paper clips

**Pay by Computer**
open.com/pbc

**Pay by Phone**
1-800-472-9297

**Account Ending 7-28008**
Enter 15 digit account # on all payments.
Make check payable to American Express.

MARK E CRONE
THE CRONE LAW GROUP
THE CRONE LAW GROUP
1330 AV OF THE AMRCS
NEW YORK NY 10019

Please Pay By
**01/24/16**

Amount Due
**$45,209.10**

☐ Check here if your address or phone number has changed. Note changes on reverse side.

AMERICAN EXPRESS
P.O. BOX 1270
NEWARK NJ 07101-1270

�050349991113367361  004520910004520910 05 H

CRONE BK 12392    000146

AMERICAN EXPRESS

**Business Centurion® Card**
THE CRONE LAW GROUP
MARK E CRONE
Closing Date 01/08/16

OPEN

p. 3/17

Account Ending 7-28008

## Payments and Credits

### Summary

|  | Total |
|---|---|
| **Payments** | -$58,485.32 |
| **Credits** |  |
| MARK E CRONE 7-28008 | -$591.07 |
| JEFFREY A. RINDE 7-21052 | -$153.09 |
| **Total Payments and Credits** | **-$59,229.48** |

### Detail   *Indicates posting date

| **Payments** |  |  | **Amount** |
|---|---|---|---|
| 12/18/15* | MARK E CRONE | ONLINE PAYMENT - THANK YOU | -$58,485.32 |
| **Credits** |  |  | **Amount** |
| 12/16/15* | MARK E CRONE | 5% OPEN Savings at Hertz | -$36.75 |
|  |  | SEE SUMMARY GRID FOR MORE INFORMATION |  |
| 12/28/15* | MARK E CRONE | TICKETMASTER PURCHASE WITH MR POINT CREDIT | -$537.20 |
| 12/31/15* | MARK E CRONE | 5% OPEN Savings at Hertz | -$17.12 |
|  |  | SEE SUMMARY GRID FOR MORE INFORMATION |  |
| 12/17/15 | JEFFREY A. RINDE | BLOOMINGDALE'S #53 000000053 | -$64.78 |
|  |  | NEW YORK      NY |  |
|  |  | 8665932540 |  |
|  |  | Description            Price |  |
|  |  | MERCHANDISE         $64.78 |  |
| 12/21/15 | JEFFREY A. RINDE | AMAZON MKTPLACE PMTS | -$88.31 |
|  |  | AMZN.COM/BILL    WA |  |
|  |  | DIRECT MKTG MISC |  |

## New Charges

### Summary

|  | Total |
|---|---|
| MARK E CRONE 7-28008 | $9,985.54 |
| JEFFREY A. RINDE 7-21052 | $35,967.72 |
| **Total New Charges** | **$45,953.26** |

### Detail

**MARK E CRONE**
Card Ending 7-28008

| | | | Foreign Spend | Amount |
|---|---|---|---|---|
| 12/09/15 | CORODATA RECORDS MA858-748-1100 | CA |  | $65.98 |
| 12/09/15 | WHOLE FOODS MARKET |  |  | $124.19 |
|  | NEW YORK      NY |  |  |  |
|  | 2128239600 |  |  |  |
|  | Description            Price |  |  |  |
|  | GROCERY STORES     $124.19 |  |  |  |
| 12/10/15 | JS CLEANERS- MOTO 88430178845 |  |  | $171.30 |
|  | WOODSIDE      NY |  |  |  |
|  | 718-472-5600 |  |  |  |

CRONE BK 12392    000147

Continued on reverse

MARK E CRONE                                    Account Ending 7-28008                          p. 4/17

## Detail Continued

| | | Foreign Spend | Amount |
|---|---|---|---|
| 12/10/15 | LYFE KITCHEN NYC 542929805958600 NEW YORK CITY    NY 7143949699 FOOD/BEVERAGE | $19.05 | $19.05 |
| 12/10/15 | MARKETA 0024 NEW YORK    NY 212-459-3900 Description GROCERIES/SUNDRIES | | $9.25 |
| 12/10/15 | WHOLE FOODS MARKET NEW YORK    NY 2128239600 GROCERY STORES | | $59.93 |
| 12/11/15 | NYC TAXI 2Y38 09024190019 NEW YORK    NY 000-0000000 | | $31.55 |
| 12/12/15 | WHOLEFDS WHF 10217 000000234 WEST HARTFORD    CT 8605238500 Description       Price GROCERY STORES    $430.66 | | $430.66 |
| 12/12/15 | UNCLE BOONS NEW YORK    NY 646-370-6650 FOOD | $182.43 | $182.43 |
| 12/13/15 | ITUNES.COM/BILL ITUNES.COM/BILL CUPERTINO    CA ITUNES STORE & APP STORE | | $10.98 |
| 12/13/15 | CVS PHARMACY GRANBY    CT 8007467287 Description       Price PHARMACIES    $23.23 | | $23.23 |
| 12/13/15 | HAN ASIAN CUISINE 0483 GRANBY    CT 860-805-6407 Description FOOD/BEVERAGE | | $46.00 |
| 12/13/15 | NEW ENGLAND URGENT CARE SIMSBURY    CT 860-714-9020 Description MEDICAL SERVICES | | $30.00 |
| 12/13/15 | GEISSLER'S SUPER MARKET GRANBY    CT 8606533990 | | $10.96 |
| 12/13/15 | PACIFICA 503-221-2466  . OR 578928 101614 | | $84.00 |

Continued on next page
CRONE BK 12392   000148

**Business Centurion® Card**
THE CRONE LAW GROUP
MARK E CRONE
Closing Date 01/08/16



p. 5/17

Account Ending 7-28008

| Detail Continued | | | | |
|---|---|---|---|---|
| | | | Foreign Spend | Amount |
| 12/14/15 | STOP & SHOP | | | $16.91 |
| | GRANBY          CT | | | |
| | GROCERY STORE | | | |
| 12/14/15 | CITGO FOOD BAG #514 00026514032 | | | $31.87 |
| | GRANBY          CT | | | |
| | 860-653-5742 | | | |
| | Description        Price | | | |
| | GAS/MSC96 05594032    $31.87 | | | |
| 12/14/15 | WHOLE FOODS MARKET | | | $28.80 |
| | GLASTONBURY      CT | | | |
| | 8606529800 | | | |
| | GROCERY STORES | | | |
| 12/14/15 | MSFT * E07001NGQO 0000 | | | $8.71 |
| | BILL.MS.NET      NV | | | |
| | 800-642-7676 | | | |
| | Description | | | |
| | COMPUTER HRDWR/SFTW | | | |
| 12/15/15 | REGUS BIZ CONSULTING CO.LTD GZ PRC | | 888.00 China Yuan Renminbs | $137.47 |
| | GUANGZHOU       GU | | | |
| | 13F NO 208 TIAN HE RD GU | | | |
| 12/15/15 | JS CLEANERS- MOTO 88430178845 | | | $90.50 |
| | WOODSIDE       NY | | | |
| | 718-472-5600 | | | |
| 12/15/15 | S & R MEDALIION TAXI | | | $14.76 |
| | NEW YORK       NY | | | |
| | 212-957-9200 | | | |
| | Description | | | |
| | TAXI: 3L87 | | | |
| | 17:42 1736 Broadwa | | | |
| | 17:58 183 E 49th S | | | |
| 12/16/15 | SEPHORA 374 | | | $74.04 |
| | NEW YORK       NY | | | |
| | COSMETIC STORE | | | |
| 12/16/15 | THE RICKEY | | | $36.00 |
| | NEW YORK       NY | | | |
| | 6466254887 | | | |
| | FOOD/BEVERAGE     $30.00 | | | |
| | TIP           $6.00 | | | |
| 12/17/15 | WHOLE FOODS MARKET | | | $135.28 |
| | NEW YORK       NY | | | |
| | 2128239600 | | | |
| | GROCERY STORES | | | |
| 12/17/15 | THE RICKEY | | | $79.78 |
| | NEW YORK       NY | | | |
| | 6466254887 | | | |
| | FOOD/BEVERAGE     $66.78 | | | |
| | TIP           $13.00 | | | |

Continued on reverse

CRONE BK 12392   000149

MARK E CRONE                                     Account Ending 7-28008                                    p. 6/17

## Detail Continued

|  |  | Foreign Spend | Amount |
|---|---|---|---|
| 12/18/15 | ZABAR'S & CO., INC. 000000000520044<br>NEW YORK,     NY<br>2127872000 | | $59.95 |
| 12/18/15 | TICKETMASTER NY 40<br>NEW YORK     NY<br>TICKET AGENCY<br>THE ILLUSIONISTS - LI 20151218 | | $537.20 |
| 12/18/15 | MARKETA 0024<br>NEW YORK     NY<br>212-459-3900<br>Description<br>GROCERIES/SUNDRIES | | $9.25 |
| 12/18/15 | REGUS HK MANAGEMENT LTD<br>HONG KONG     HK<br>REGUS HK MANAGEMENT LTD | 888.00<br>Hong Kong Dollars | $114.58 |
| 12/18/15 | THAI MARKET INC.<br>NEW YORK     NY<br>USFC10025 | | $61.00 |
| 12/18/15 | REGUS ENTERPRISE MGT SH CHINA<br>SHANGHAI     CH<br>25F 168 XI ZANG RD M S | 888.00<br>China Yuan<br>Renminbs | $137.06 |
| 12/19/15 | DEEP WATER SEAFOOD DEEP WATER SEAF<br>AVON     CT<br>MISC FOOD STORE | | $59.92 |
| 12/19/15 | CUMBERLAND FARMS 0696 000000000550913<br>GRANBY     CT<br>8608448063 | | $32.04 |
| 12/19/15 | WHOLEFDS WHF 10217 000000234<br>WEST HARTFORD     CT<br>8605238500<br>GROCERY STORES | | $239.55 |
| 12/19/15 | CVS PHARMACY<br>GRANBY     CT<br>8007467287<br>PHARMACIES | | $99.80 |
| 12/20/15 | UBER UBER<br>866-576-1039     CA<br>8665761039 | | $5.00 |
| 12/20/15 | CITGO FOOD BAG #514 00026514032<br>GRANBY     CT<br>860-653-5742<br>Description          Price<br>GAS/MSC96 33364032     $42.50 | | $42.50 |
| 12/20/15 | CVS PHARMACY<br>GRANBY     CT<br>8007467287<br>Description          Price<br>PHARMACIES          $10.00 | | $10.00 |

continued on next page

CRONE BK 12392   000150

**Business Centurion® Card**
THE CRONE LAW GROUP
MARK E CRONE
Closing Date 01/08/16



p. 7/17

Account Ending 7-28008

| Detail Continued | | |
|---|---|---|
| | Foreign Spend | Amount |
| 12/21/15 DUANE READE #14374 000014374<br>NEW YORK        NY<br>8002892273<br>Description<br>REFER TO RECEIPT | | $55.79 |
| 12/21/15 KOHLER SERVICE PARTS KOHLER SERVICE<br>KOHLER        WI<br>920-457-4441 | | $2.90 |
| 12/21/15 KOHLER SERVICE PARTS KOHLER SERVICE<br>KOHLER        WI<br>920-457-4441 | | $45.60 |
| 12/22/15 MASSPIKE TOLLS   AUBURN        MA | | $44.00 |
| 12/22/15 WHOLE FOODS MARKET<br>NEW YORK        NY<br>2128239600<br>GROCERY STORES | | $59.73 |
| 12/22/15 MARKETA 0024<br>NEW YORK        NY<br>212-459-3900<br>Description<br>GROCERIES/SUNDRIES | | $9.25 |
| 12/22/15 MEDQUEST PHARMACY PA MEDQUEST PHARMA<br>NORTH SALT LAKE   UT<br>888-222-2956 | | $317.13 |
| 12/23/15 GOOGLE *GOOGLE STORGOOGLE.COM/CH      CA | | $1.99 |
| 12/23/15 JS CLEANERS- MOTO 88430178845<br>WOODSIDE        NY<br>718-472-5600 | | $134.85 |
| 12/23/15 EQUINOX MOTO #108<br>866-332-6549    NY<br>866-332-6549 | | $210.00 |
| 12/24/15 CUMBERLAND FARMS 0696 00000000550913<br>GRANBY        CT<br>8608448063 | | $36.69 |
| 12/24/15 AMTRAK INTERNET SALE WASHINGTON DC<br>WASHINGTON        DC<br>From:        NYP<br>To:        BOS<br>Ticket Number: 3580724533631<br>1 (800) 872-7245 | | $744.00 |
| 12/24/15 JS CLEANERS- MOTO 88430178845<br>WOODSIDE        NY<br>718-472-5600 | | $12.00 |
| 12/24/15 GEISSLER'S SUPER MARKET<br>GRANBY        CT<br>8606533990 | | $104.45 |

MARK E CRONE                          Account Ending 7-28008                          p. 8/17

## Detail Continued

| | | | Foreign Spend | Amount |
|---|---|---|---|---|
| 12/26/15 | UBER UBER<br>866-576-1039    CA<br>8665761039 | | | $59.05 |
| 12/26/15 | BLUE PLATE TACO 650000007792412<br>SANTA MONICA    CA<br>3104582985<br>TIP | $40.00 | | $237.65 |
| 12/26/15 | JS CLEANERS- MOTO 88430178845<br>WOODSIDE    NY<br>718-472-5600 | | | $30.00 |
| 12/27/15 | HERTZ CAR RENTAL<br>800-654-4173    CA<br>　　　　Location<br>Rental:    LOS ANGELES CA<br>Return:    LOS ANGELES CA<br>Agreement Number: 161744940<br>Renter Name: CRONE /MARK | Date<br>15/12/26<br>15/12/27 | | $342.49 |
| 12/27/15 | APPLE STORE 108<br>LOS ANGELES    CA<br>COMPUTER STORE | | | $162.36 |
| 12/27/15 | ABM ONSITE WESTFIELD MALL 084870007008<br>LOS ANGELES    CA<br>PARKING LOT & GARAGE | | | $12.00 |
| 12/27/15 | 5 BEV GR 310.550.0242 084870008016708<br>BEVERLY HILLS    CA<br>3105500242 | | | $107.48 |
| 12/27/15 | THE ART OF SHAVING-CCY002<br>LOS ANGELES    CA<br>FURNITURE/HOME STORE | | | $17.44 |
| 12/28/15 | AMAZON MKTPLACE PMTS<br>AMZN.COM/BILL    WA<br>BOOK STORES | | | $48.38 |
| 12/29/15 | W LOS ANGELES - WESTWOOD<br>LOS ANGELES    CA<br>Arrival Date    Departure Date<br>12/29/15    12/29/15<br>00000000<br>LODGING | | | $105.52 |
| 12/29/15 | ITUNES.COM/BILL ITUNES.COM/BILL<br>CUPERTINO    CA<br>ITUNES STORE & APP STORE | | | $33.96 |
| 12/29/15 | PROPAY=ginas skincare 393699999999998<br>3238288356    CA<br>ginabisignano@yahoo.com | | | $80.00 |
| 12/31/15 | THE WESTIN KUALA LUMPUR<br>KUALA LUMPUR<br>LODGING | | 781.50<br>Malaysian Ringgits | $182.25 |
| 12/31/15 | AMAZON MKTPLACE PMTS<br>AMZN.COM/BILL    WA<br>BOOK STORES | | | $49.98 |

Continued on next page

CRONE BK 12392   000152

**Business Centurion® Card**
THE CRONE LAW GROUP
MARK E CRONE
Closing Date 01/08/16



p. 9/17

Account Ending 7-28008

## Detail Continued

| | Foreign Spend | Amount |
|---|---|---|
| 01/04/16 THAI BASIL (1303) ADMIRALTY    HK RESTAURANT | 1,287.00 Hong Kong Dollars | $166.08 |
| 01/04/16 UNITEDCLE.COM HACKENSACK    NJ 888-484-2533 | | $149.00 |
| 01/05/16 CHIN CHIN BAR TSIM SHA TSUI    HK LODGING | 258.50 Hong Kong Dollars | $33.36 |
| 01/05/16 JAPANESE RESTAURANT KENJO TSIM SHA TSUI    HK RESTAURANT | 3,124.00 Hong Kong Dollars | $403.11 |
| 01/06/16 UBER UBER 866-576-1039    CA 8665761039 | 339.00 Hong Kong Dollars | $43.74 |
| 01/06/16 W LOS ANGELES - WESTWOOD LOS ANGELES    CA Arrival Date              Departure Date 01/06/16              01/06/16 00000000 LODGING | | $128.70 |
| 01/06/16 CAFE DECO RESTAURANT LANTAU    HK RESTAURANT | 304.70 Hong Kong Dollars | $39.31 |
| 01/06/16 ITUNES.COM/BILL ITUNES.COM/BILL CUPERTINO    CA ITUNES STORE & APP STORE | | $14.99 |
| 01/06/16 ITUNES.COM/BILL ITUNES.COM/BILL CUPERTINO    CA ITUNES STORE & APP STORE | | $9.99 |
| 01/06/16 W HONG KONG 2060005 9810105585 JORDAN    HK 37172971 | 12,920.01 Hong Kong Dollars | $1,667.08 |
| 01/06/16 SOUVLAKI GR - MIDTOWN 88430322398 NEW YORK    NY 212-974-7482 | | $14.70 |
| 01/06/16 COLONIAL EXPRESS LIMOU FAIRFIELD    CT 30158 06825 | | $162.39 |
| 01/07/16 NYC TAXI 4V16 09004720017 BROOKLYN    NY 000-0000000 | | $6.95 |
| 01/07/16 SUR LA TABLE NEW YORK    NY 800-243-0852 Description MISCELLANEOUS HOME | | $32.66 |

Continued on reverse

MARK E CRONE                                    Account Ending 7-28008                          p. 10/17

## Detail Continued

|  |  |  | Foreign Spend | Amount |
|---|---|---|---|---|
| 01/07/16 | WHOLE FOODS MARKET<br>NEW YORK        NY<br>2128239600<br>GROCERY STORES | | | $486.87 |
| 01/07/16 | LE PAIN QUOTIDIEN 149<br>NEW YORK        NY<br>RESTAURANT<br>FOOD/BEVERAGE | $18.19 | | $18.19 |

| JEFFREY A. RINDE<br>Card Ending 7-21052 |  |  | Foreign Spend | Amount |
|---|---|---|---|---|
| 12/09/15 | CAFEPRESS.COM<br>(877)809-1659     CA<br>877-809-1659 | | | $50.99 |
| 12/11/15 | GAMESTOP.COM GameStop.com<br>8008838895      TX<br>8008838895 | | | $26.57 |
| 12/11/15 | BedBathAndBeyond.COM<br>800-462-3966    NJ<br>800-462-3966<br>Description<br>CATALOG MERCHANT | | | $55.45 |
| 12/12/15 | ADOBE *ACROPRO SUBS Adobe Systems<br>SAN JOSE       CA<br>800-833-6687 | | | $16.32 |
| 12/12/15 | UBER UBER<br>866-576-1039     CA<br>8665761039 | | | $30.51 |
| 12/14/15 | UBER UBER<br>866-576-1039     CA<br>8665761039 | | | $8.00 |
| 12/14/15 | UBER UBER<br>866-576-1039     CA<br>8665761039 | | | $27.74 |
| 12/14/15 | UBER UBER<br>866-576-1039     CA<br>8665761039 | | | $27.34 |
| 12/14/15 | 1STDIBS.COM 1STDIBS.COM<br>UNITED STATES<br>HTTP://WWW.1STDIBS.COM | | | $6,499.00 |
| 12/15/15 | ITUNES.COM/BILL ITUNES.COM/BILL<br>CUPERTINO      CA<br>ITUNES STORE & APP STORE | | | $19.99 |
| 12/16/15 | GREEN WORLDWIDE SHIPPING<br>DECATUR        GA<br>CKR LAW LLP 30030<br>ON-BOARD CRUISE SHOP | | | $157.32 |

Continued on next page

CRONE BK 12392   000154

**Business Centurion® Card**
THE CRONE LAW GROUP
MARK E CRONE
Closing Date 01/08/16



p. 11/17

Account Ending 7-28008

| Detail Continued | | | |
|---|---|---|---|
| | | Foreign Spend | Amount |
| 12/16/15 | MORTON'S NEW YORK 0023<br>LAUGHLIN       NV<br>212-972-3315<br>Description<br>FOOD/BEVERAGE | | $4,495.54 |
| 12/16/15 | TLF FLOWERS OF THE WORLD TLF FLOWERS O<br>NEW YORK       NY<br>212-425-2234 | | $239.53 |
| 12/16/15 | JR CIGARS.COM INC<br>336-222-1300       NC<br>336-222-1300 | | $333.34 |
| 12/16/15 | GRAND HAVANA ROOM 000000000000000<br>NEW YORK       NY<br>RESTAURANT<br>FOOD/BEVERAGE                    $894.18<br>TIP                                       $160.00 | | $1,054.18 |
| 12/18/15 | NEWSWIRE ASSOC<br>888-776-0942       NJ<br>NEWS RELEASE | | $299.00 |
| 12/19/15 | BAR AMERICAIN<br>NEW YORK       NY<br>RESTAURANT<br>FOOD/BEVERAGE                    $259.12<br>TIP                                        $40.00 | | $299.12 |
| 12/20/15 | SUSHI OF GARI COLUMBUS<br>NEW YORK       NY<br>212-362-4816 | | $502.45 |
| 12/20/15 | THE QUIN 0000<br>NEW YORK       NY<br>Arrival Date          Departure Date<br>12/19/15              12/20/15<br>00000000<br>LODGING | | $335.13 |
| 12/20/15 | THE QUIN 0000<br>NEW YORK       NY<br>Arrival Date          Departure Date<br>12/19/15              12/20/15<br>00000000<br>LODGING | | $8.71 |
| 12/21/15 | GETTY IMAGES<br>877-438-8966       WA<br>DIGITALIMAGE | | $40.00 |
| 12/21/15 | PADDLE 8 INC PADDLE8<br>NEW YORK       NY<br>ART DEALER & GALLERY | | $4,720.00 |
| 12/21/15 | HUNG YAN 29014<br>TAIPEI CITY<br>TRAVEL AGENCY | 44,500.00<br>Taiwan Dollars | $1,356.58 |

Continued on reverse

MARK E CRONE                           Account Ending 7-28008                           p. 12/17

## Detail Continued

|  |  |  | Foreign Spend | Amount |
|---|---|---|---|---|
| 12/22/15 | TOWNHOUSE SPA 000000001<br>NEW YORK      NY<br>2122458006<br>Description<br>REFER TO RECEIPT |  |  | $727.92 |
| 12/22/15 | LOUIS VUITTON #92 92<br>NEW YORK      NY<br>LUGGAGE/LEATHER GOODS<br>Description<br>WOMEN'S ACCESSORY |  |  | $3,086.61 |
| 12/23/15 | UBER UBER<br>866-576-1039    CA<br>8665761039 |  |  | $64.71 |
| 12/24/15 | MTA MVM*A011-57 ST-7 AV<br>NEW YORK      NY<br>718-330-1234 |  |  | $20.00 |
| 12/24/15 | HOTELS.COM126739596441<br>HOTELS.COM     WA<br>TRAVEL AGENCY |  |  | $566.52 |
| 12/25/15 | MAGNET KIOSKS<br>BOSTON       MA<br>781-354-5566<br>Description<br>SPECIALTY RETAIL |  |  | $106.20 |
| 12/25/15 | CVS/PHARMACY #10174 000010174<br>BOSTON       MA<br>8007467287<br>Description          Price<br>PHARMACIES          $11.49 |  |  | $11.49 |
| 12/29/15 | MODERN ART ETC. INC. 0641<br>LOS ANGELES    CA<br>213-215-6048<br>Description<br>FINE ART/FRAMES |  |  | $1,100.00 |
| 12/30/15 | HUNG YAN 29014<br>TAIPEI CITY<br>TRAVEL AGENCY |  | 97,500.00<br>Taiwan Dollars | $2,966.23 |
| 12/30/15 | HUNG YAN 29014<br>TAIPEI CITY<br>TRAVEL AGENCY |  | 143,800.00<br>Taiwan Dollars | $4,374.81 |
| 12/31/15 | UNITED AIRLINES<br>HOUSTON      TX<br>UNITED AIRLINES |  |  | $16.99 |

UNITED AIRLINES

| From: | To: | Carrier: | Class: |
|---|---|---|---|
| N.Y. NEWARK INTL A | BEIJING CAPITAL AP | UA | 00 |
|  | N/A | YY | 00 |
|  | N/A | YY | 00 |
|  | N/A | YY | 00 |

Ticket Number: 01629234222184          Date of Departure: 12/31
Passenger Name: RINDE /INFLIGHT WIFI
Document Type: SPECIAL SERVICE TICKET

Continued on next page

CRONE BK 12392   000156

**Business Centurion® Card**
THE CRONE LAW GROUP
MARK E CRONE
Closing Date 01/08/16



p. 13/17

Account Ending 7-28008

## Detail Continued

| | | Foreign Spend | Amount |
|---|---|---|---|
| 12/31/15 | UBER UBER<br>866-576-1039   CA<br>8665761039 | | $103.38 |
| 12/31/15 | CTRIP CHARMING INT'L TRAVEL LTD CHINA<br>SHANGHAI   SH<br>2F NO 1230A SI PING RD Y | 5,660.00<br>China Yuan<br>Renminbs | $872.16 |
| 12/31/15 | OTG MANAGEMENT EWR<br>NEWARK   NJ<br>00022611 07114<br>FAST FOOD RESTAURANT | | $59.38 |
| 01/03/16 | SHENGSHIERLOU REST BJ CHINA<br>BEIJING   CH<br>103 1F 2 NO43 N SANLITUN | 170.00<br>China Yuan<br>Renminbs | $26.20 |
| 01/03/16 | GRAND HYATT BEIJING REST CHINA<br>BEIJING   BE<br>NO 1 DONG CHANG AN AVE. D | 2,035.50<br>China Yuan<br>Renminbs | $313.66 |
| 01/04/16 | NINETEEN FORTY-NINE-1949. BJ. PRC<br>BEIJING   BE<br>NO.12-14, 21, 23-28, GONG | 2,122.00<br>China Yuan<br>Renminbs | $325.93 |
| 01/05/16 | CTRIP CHARMING INT'L TRAVEL LTD CHINA<br>SHANGHAI   SH<br>2F NO 1230A SI PING RD Y | 1,524.00<br>China Yuan<br>Renminbs | $233.81 |
| 01/05/16 | CTRIP CHARMING INT'L TRAVEL LTD CHINA<br>SHANGHAI   SH<br>2F NO 1230A SI PING RD Y | 1,099.00<br>China Yuan<br>Renminbs | $168.61 |
| 01/07/16 | THE ST. REGIS BEIJING CHINA<br>BEIJING   BE<br>21 JIANGUOMEN WAI DA JIE | 264.50<br>China Yuan<br>Renminbs | $40.16 |
| 01/07/16 | THE ST. REGIS BEIJING REST CHINA<br>BEIJING   BE<br>21 JIANGUOMEN WAI DA JIE | 1,186.50<br>China Yuan<br>Renminbs | $180.14 |

## Fees

| | Amount |
|---|---|
| **Total Fees for this Period** | **$0.00** |

### 2016 Fees and Interest Totals Year-to-Date

| | Amount |
|---|---|
| Total Fees in 2016 | $0.00 |
| Total Interest in 2016 | $0.00 |

CRONE BK 12392   000157



**Transaction Details**
Prepared for
Mark E Crone
Account Number
XXXX-XXXXXX-28008

Business Centurion® Card / January 9, 2016 to January 12, 2016

| Date | Receipt | Description | Card Member | Amount |
|------|---------|-------------|-------------|--------|
| Jan 11 2016 | | AMAZON.COM AMZN.COM/BILL WA | Mark E Crone | $26.58 |
| Jan 11 2016 | | CYBERNET COMMUNICATISANTA MONICA CA | Mark E Crone | $1,024.20 |
| Jan 11 2016 | | UBER UBER 866-576-1039 CA | Mark E Crone | $9.32 |
| Jan 11 2016 | | UBER UBER 866-576-1039 CA | Mark E Crone | $11.68 |
| Jan 09 2016 | | CUMBERLAND FARMS 069GRANBY CT | Mark E Crone | $37.37 |
| Jan 09 2016 | | JS CLEANERS- MOTO 88WOODSIDE NY | Mark E Crone | $39.50 |

## SUMMARY

| | Pay In Full | Pay Over Time | Total |
|---|-------------|---------------|-------|
| Previous Balance as of 01/08/16 | $45,209.10 | $0.00 | $45,209.10 |
| Payments | $0.00 | $0.00 | $0.00 |
| Charges | $1,148.65 | $0.00 | $1,148.65 |
| Fees | $0.00 | $0.00 | $0.00 |
| Credits | $0.00 | $0.00 | $0.00 |
| Total Balance | $46,357.75 | $0.00 | $46,357.75 |

Closing Date: 02/07/16

## ACTIVITY BY CARD

| Card Member Name | Payments | Pay In Full Charges | Pay Over Time Charges | Credits |
|------------------|----------|---------------------|-----------------------|---------|
| Mark E Crone | $0.00 | $1,148.65 | $0.00 | $0.00 |
| Susan I Crone | $0.00 | $0.00 | $0.00 | $0.00 |
| Jeffrey A. Rinde | $0.00 | $0.00 | $0.00 | $0.00 |
| Andrea Nathanson | $0.00 | $0.00 | $0.00 | $0.00 |
| Total | $0.00 | $1,148.65 | $0.00 | $0.00 |

CRONE BK 12392    000158

Transaction Details Prepared for
**Mark E Crone**
Account Number
XXXX-XXXXXX-28008

| DATE | DESCRIPTION | CARD MEMBER | AMOUNT |
|------|-------------|-------------|--------|
| JAN10 2016 | AMAZON.COM | MARK E CRONE | $30.83 |
| JAN11 2016 | UBER | MARK E CRONE | $1.00 |
| JAN12 2016 | COR-O-VAN RECORDS MNGNT | MARK E CRONE | $68.04 |
| JAN12 2016 | ADOBE WEBSALES 800-833-6687 | JEFFREY A. RINDE | $16.32 |

4 Items

*Total Pending Charges.............................$116.19*

### Activity by Card

| CARD MEMBER NAME | PAYMENTS | PAY IN FULL | PAY OVER TIME | CREDITS |
|------------------|----------|-------------|---------------|---------|
| MARK E CRONE | $0.00 | $1,148.65 | $0.00 | $0.00 |
| SUSAN I CRONE | $0.00 | $0.00 | $0.00 | $0.00 |
| JEFFREY A. RINDE | $0.00 | $0.00 | $0.00 | $0.00 |
| ANDREA NATHANSON | $0.00 | $0.00 | $0.00 | $0.00 |
| TOTAL | $0.00 | $1,148.65 | $0.00 | $0.00 |

CRONE BK 12392   000159

Page 1 of 1



**Transaction Details**
Prepared for
Mark E Crone
Account Number
XXXX-XXXXXX-01008

Plum Card / December 26, 2015 to January 12, 2016

| Date | Receipt | Description | Card Member | Amount |
|------|---------|-------------|-------------|--------|
| Jan 08 2016 | | MCGRAW-HILL CUSIP 54NEW YORK NY | Mark E Crone | $252.00 |
| Jan 06 2016 | | DROPBOX*2YNS9HPH434RSAN FRANCISCO CA | Mark E Crone | $9.99 |
| Jan 05 2016 | | CTC*CONSTANTCONTACT.855-229-5506 MA | Mark E Crone | $98.00 |
| Jan 05 2016 | | INXPRESS LLC 0650 SANDY UT | Mark E Crone | $530.00 |
| Jan 05 2016 | | VCORP SERVICES MONSEY NY | Mark E Crone | $575.00 |
| Jan 05 2016 | | VERIZON BUSINESS PAY800-444-1926 CO | Mark E Crone | $33.89 |
| Dec 30 2015 | | EDIBLE ARRANGEMENTS WALLINGFORD CT | Mark E Crone | $162.88 |
| Dec 30 2015 | | ONLINE PAYMENT - THANK YOU | Mark E Crone | -$2,424.34 |
| Dec 29 2015 | | DLX FOR SMALLBUSINES800-865-1913 MN | Mark E Crone | $167.45 |
| Dec 27 2015 | | REGUS (972)340-2021 TX | Mark E Crone | $173.85 |
| Dec 22 2015 | | SKYPE SUBSCRIPTION SLUXEMBOURG LU | Mark E Crone | $13.99 |

## SUMMARY

| | |
|---|---|
| Previous Balance as of 12/25/15 | $2,424.34 |
| Payments | -$2,424.34 |
| Charges | $2,017.05 |
| Fees | $0.00 |
| Credits | $0.00 |
| Total Balance | $2,017.05 |
| Closing Date: 01/25/16 | |

## ACTIVITY BY CARD

| Card Member Name | Payments | Charges | Credits |
|------------------|----------|---------|---------|
| Mark E Crone | -$2,424.34 | $2,017.05 | $0.00 |
| Total | -$2,424.34 | $2,017.05 | $0.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S OPPOSITION TO CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER: (1) AUTHORIZING SALE OF PROPERTY PURSUANT TO 11 U.S.C. §363(B); (2) APPROVING BIDDING PROCEDURES; (3) APPROVING BUYER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. §363(M); DECLARATION OF MARK CRONE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
____5/22/18___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    Stephen F Biegenzahn     efile@sfblaw.com
    Leslie A Cohen     leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
    Howard M Ehrenberg (TR)     ehrenbergtrustee@sulmeyerlaw.com,
    ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
    J. Bennett Friedman     jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-
    law.com;ewalters@flg-law.com
    Cynthia Futter     cfutter@futterwells.com
    David B Golubchik     dbg@lnbyb.com, dbg@ecf.inforuptcy.com
    David M Goodrich     dgoodrich@wgllp.com, vrosales@wgllp.com;kadele@wgllp.com
    Jeffrey S Kwong     jsk@lnbyb.com, jsk@ecf.inforuptcy.com
    Theresa Mains     theresa@theresamainspa.com
    Eric A Puritsky     eric@puritskylaw.com
    Scott J Tepper     scottjtepper@msn.com, scottjtepper@gmail.com
    United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
    Zann R Welch     ecfnotices@ascensioncapitalgroup.com
    Steven Werth     swerth@sulmeyerlaw.com,
    asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.in
    foruptcy.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ____5/22/18___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/22/18 | Allie Kiekhofer | /s/ Allie Kiekhofer |
|---------|-----------------|---------------------|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Hon. Barry Russell
U.S. Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

David M. Goodrich
WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626

Leo P. Flangas
Flangas Law Office
600 S 3rd St.
Las Vegas, NV 89101

Mark Elias Crone
201 Bicknell Avenue , Apt 107
Santa Monica, CA 90405

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.