J. BENNETT FRIEDMAN, ESQ., State Bar No. 147056
    jfriedman@flg-law.com
MICHAEL SOBKOWIAK, ESQ., State Bar No. 242718
    msobkowiak@flg-law.com

FRIEDMAN LAW GROUP, P.C.
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-8210
Facsimile: (310) 733-5442

Attorneys for Creditors
CKR Global Advisors, Inc., CKR Law, LLP,
Jeffrey Rinde and Vertex Advisors Limited

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARK ELIAS CRONE,<br><br>Debtor. | Case No. 2:17-bk-12392-BR<br><br>Chapter 7<br><br>**JOINDER OF BUYER JEFFREY RINDE TO CHAPTER 7 TRUSTEE'S REPLY TO OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY PURSUANT TO 11 U.S.C. §363(b) [ETC.]; DECLARATION OF MICHAEL SOBKOWIAK**<br><br><u>Hearing:</u><br>Date:   May 29, 2018<br>Time:  2:00 p.m.<br>Place:  Courtroom 1668<br>           Roybal Federal Building<br>           255 East Temple St.<br>           Los Angeles, CA 90012 |

- 1 -

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES-IN-INTEREST HEREIN:**

Interested party and proposed buyer Jeffrey Rinde joins in the brief of the Chapter 7 Trustee ("Trustee") filed in reply to Debtor Mark Crone's ("Debtor") opposition to the Trustee's *Motion for Order: (1) Authorizing Sale of Property Pursuant to 11 U.S.C. §363(b) [etc.]* [Docket No. 82], and represents, for the reasons stated in the Trustee's reply brief and herein, the Motion should be granted.

## JOINDER

### A.    Debtor's Opposition was Filed Seven-Days Late.

As the Trustee brings to the Court's attention, May 15, 2018 was the deadline to respond to the Motion. It was not until May 22, 2018 that Debtor filed his opposition ("Opposition") to the Motion – missing the filing deadline by a full week. This, despite the fact that during a conference call on May 16, 2018 between counsel for Debtor and counsel for Mr. Rinde relating to the various adversary proceedings, Debtor's counsel advised counsel for Mr. Rinde that an opposition to the Motion was completed and would be filed that day – acknowledging then that the filing deadline had already past. Clearly, Debtor – an attorney himself – was aware of the Motion and the response deadline. At best, the late filing was the result of negligence; at worst, Debtor made a tactical decision to deprive the Trustee of an opportunity to file a considered reply to the Opposition. In any event, it is beyond dispute that the Opposition was filed very late, consistent with Debtor's prior filing practice in this bankruptcy proceeding. The Court should not consider the late filed Opposition.

### B.    Debtor Filed the Opposition in Bad Faith.

According to the Trustee's reply brief, the Debtor has sought to qualify as a bidder in an effort to purchase at auction the litigation claims offered for sale. *See* Trustee's Reply at p. 5:18-20. Of course, an auction is entirely reliant on the Court granting the Motion. Thus, Debtor finds himself in the curious position of opposing the relief he actually seeks – sale of the assets. As the Trustee astutely points out, creditors' claims exceed $5,000,000, and the Debtor places a

maximum value of $1,000,000 on the litigation claims offered for sale. Debtor could only expect to receive value from the litigation claims if they were abandoned by the Trustee, but that will not happen given that Mr. Rinde is a ready and willing buyer. In short, Debtor has no pecuniary interest in the outcome of the sale, and objectively has no legitimate basis for opposing the Motion.[1] Instead, Debtor appears intent on thwarting the sale in the event that he is not qualified to bid.

What is striking about the Opposition is Debtor's failure to discuss the probability of success on the litigation claims. Mr. Rinde fiercely contests the merit of the purported claims, which Crone has kept intentionally vague throughout the pendency of this bankruptcy case. As all interested parties know – including the Trustee – Crone's conduct has continually undercut his assertion that the subject litigation claims have any material value. When given a clear opportunity to assert the claims in a countersuit in litigation initiated by Mr. Rinde against Debtor in New York State, Debtor affirmatively sought to delay the litigation and then filed for bankruptcy protection on the eve of the deadline to file an answer and counterclaims. Every step of the way, Debtor has conducted himself as if the litigation claims now for sale have limited to no value.

Debtor's present interest in the estate assets now offered for sale has nothing to do with actual value of the litigation – which is minimal, at best – and everything to do with acquiring the claims to use as settlement leverage in Mr. Rinde's adversary proceeding that is pending against Debtor. The intrinsic value of the litigation claims for Debtor is not the untethered figure he assigns in the Opposition, but instead, the value that can be derived for settlement of Mr. Rinde's 11 U.S.C. §523(a) claims against Debtor, knowing that Mr. Rinde will have to incur further legal expenses defending against spurious litigation Debtor hopes to initiate.

C.    **The Opposition is Replete with Misstatements Intended to Slander Mr. Rinde.**

The Opposition and Debtor's supporting declaration are filled with allegations that are

---

[1] Notably, the only objection to the Motion is from Debtor – not a single creditor has objected to the proposed sale of estate assets to Mr. Rinde.

- 3 -

half-truths and outright fabrications. As discussed above, Debtor's claims against Mr. Rinde are without merit. Out of respect for the Court, a point-by-point discussion will not be provided. However, Mr. Rinde feels compelled to respond to two assertions made by Debtor. First, Debtor contends that Mr. Rinde's discovery responses are late. <u>Debtor knows this is an absolute lie</u>. Mr. Rinde has timely responded to discovery in the pending adversary proceeding. It is Debtor that has failed to comply with his discovery obligations. Debtor's responses to interrogatories and document requests in the CKR Global Advisors adversary proceeding are six weeks late and counting.

Second, Debtor's "belief" that Mr. Rinde formed Equus to shield his income and assets for the purpose of negotiating the resolution of an IRS lien is baseless and completely lacking in fact. For this purpose, it is enough to say that Equus was formed for a legitimate business intention and was not of concern for negotiations with the IRS. The IRS lien is fully resolved at this time. Debtor's motive in attaching the IRS lien as an exhibit to his declaration is only to enflame his feud with Mr. Rinde. To be certain, what purpose does the exhibit to the Opposition serve for the Court to rule on the Motion?

## **CONCLUSION**

Notice of the Motion was given on May 8, 2018, providing ample opportunity for those with an interest in purchasing the litigation claims to participate in the auction. The true value of the claims can only be achieved through an auction. The Motion should be granted.

Respectfully submitted,

DATED: May 25, 2018            **FRIEDMAN LAW GROUP, P.C.**

By: /s/ Michael Sobkowiak
J. BENNETT FRIEDMAN, ESQ.
MICHAEL SOBKOWIAK, ESQ.
Attorneys for Creditors CKR Global
Advisors, Inc., CKR Law, LLP,
Jeffrey Rinde and Vertex Advisors Limited

- 4 -

## DECLARATION OF MICHAEL SOBKOWIAK

1.  I am an attorney at law admitted and qualified to practice law in the State of California. I am an associate attorney at Friedman Law Group, P.C., counsel of record for Jeffrey Rinde. Mr. Rinde is a creditor in the chapter 7 case of Debtor Mark Crone ("Debtor"), and the Plaintiff in an adversary proceeding pending against Debtor, assigned Adv. Case No. 2:17-ap-01311-BR ("Adversary Proceeding"). I have personal knowledge of the matters set forth here, and if called upon to do so, could and would testify competently thereto.

2.  On May 16, 2018, I participated in a conference call with Ms. Theresa Mains, Debtor's then counsel in the Adversary Proceeding. During that call, Ms. Mains advised me that an opposition to the Trustee's Motion had been prepared, and that she intended to file the brief that day. Ms. Mains acknowledged that the filing deadline had passed and she stated that the Opposition had not been previously filed because she needed to first make an appearance in Debtor's chapter 7 case. Based on Ms. Mains' comments, it was clear that the Opposition had been completed by at least mid-day May 16 and needed only to be filed. I was not provided with an explanation for why the Opposition was not filed until a week later on May 22, 2018. Debtor is an attorney that now represents himself in the Adversary Proceeding, and certainly had the ability to timely file the opposition on his own.

3.  On February 21, 2018, Mr. Rinde served responses in the Adversary Proceeding to written discovery propounded by Debtor. Debtor inexplicably contends that discovery responses were not served, but this is demonstrably false. There are no discovery responses owing from Mr. Rinde, or any plaintiff in the three adversary proceedings pending against Debtor.

4.  In contrast, Debtor has failed to provide responses to discovery requests served in the pending adversary proceeding styled *CKR Global Advisors, Inc. v. Mark Crone,* Adv. Case No. 2:17-ap-01309-BR. The discovery requests were served on March 9, 2018 and Debtor's responses are now six weeks delinquent. A true and correct copy of a May 23, 2018 meet and confer letter sent to Debtor pursuant to Local Bankruptcy Rule 7026-1(c)(2) is attached hereto as Exhibit A. Debtor is appearing pro se in the CKR Global Advisors adversary proceeding.

- 5 -

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 25th day of May 2018, at Los Angeles, California.

_____
Michael Sobkowiak

# Exhibit "A"

# FRIEDMAN LAW GROUP, P.C.
## ATTORNEYS AT LAW

1900 AVENUE OF THE STARS
11TH FLOOR
LOS ANGELES, CA 90067-4301

PHONE: (310) 552-8210
FAX: (310) 733-5442

E-MAIL: MSOBKOWIAK@FLG-LAW.COM

May 23, 2018

**VIA EMAIL AND U.S. MAIL**

Mr. Mark Crone
The Crone Law Group, P.C.
9665 Wilshire Blvd., Ste. 895
Beverly Hills, CA 90212
mcrone@cronelawgroup.com

    Re:    *CKR Global Advisors, Inc. v. Mark Crone*
             <u>USBC, Central District of California, Adv. Case No. 8:17-ap-01309-BR</u>

Dear Mark:

    This letter is directed to your attention in light of the substitution of attorney filed on May 21, 2018 in the above adversary proceeding. If you are now represented by counsel, please immediately forward this letter to him or her.

    I am writing to meet and confer regarding your continued failure to respond to interrogatories, and requests for production of documents, served on March 9, 2018 by CKR Global Advisors. It is our intention to request entry of an order compelling responses and the production of documents. We would like to arrange the meeting of counsel pursuant to Local Bankruptcy Rule 7026-1(c)(2) in a good faith effort to resolve this discovery dispute without the expense and delay of a letter writing campaign.

    Given that you are a party to the matter, I presume that you are readily familiar with the issues in this adversary proceeding. Your responses to the subject discovery requests are now delinquent by six weeks without justification. As you know, several accommodations were previously extended on your behalf to your prior counsel, Ms. Theresa Mains. Specifically, after passage of the initial April 9, 2018 response deadline, on April 10, I received a voicemail from Ms. Mains requesting a two-week extension. I circulated an email granting the extension and confirming April 25 as the new response deadline. Despite this courtesy, no responses were served.

    On May 6, 2018, I received an email from Ms. Mains in which she unilaterally granted a further extension, representing that responses would be served by May 10. Again, no responses

Mr. Mark Crone
May 23, 2018
Page 2

were served. Thereafter, on May 16, I met and conferred with Ms. Mains regarding the outstanding discovery and received her commitment that your responses and documents would be served by May 21. Despite the repeated promises of counsel on your behalf, responses remain outstanding and no documents have been produced.[1]

I am available to participate in a conference by telephone, or in person at my office, during the **early afternoon of May 24, 25, 29 or 30**. Please propose a date and time and I will do my best to arrange my schedule accordingly.

Very truly yours,

MICHAEL SOBKOWIAK
FOR FRIEDMAN LAW GROUP, P.C.

MDS/jm

---

[1] Because the time to respond has expired and not been extended, all objections have been waived. *See Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1900 Avenue of the Stars, 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **JOINDER OF BUYER JEFFREY RINDE TO CHAPTER 7 TRUSTEE'S REPLY TO OPPOSITION TO MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY PURSUANT TO 11 U.S.C. §363(b) [ETC.]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* 5/25/2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Stephen F Biegenzahn    efile@sfblaw.com
- Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com
- Howard M Ehrenberg (TR)    ehrenbergtrustee@sulmeyerlaw.com, ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
- J. Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;ewalters@flg-law.com
- Cynthia Futter    cfutter@futterwells.com
- David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- David M Goodrich    dgoodrich@wgllp.com, vrosales@wgllp.com;kadele@wgllp.com
- Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com
- Theresa Mains    theresa@theresamainspa.com
- Eric A Puritsky    eric@puritskylaw.com
- Scott J Tepper    scottjtepper@msn.com, scottjtepper@gmail.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Zann R Welch    ecfnotices@ascensioncapitalgroup.com
- Steven Werth    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)*, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* 5/25/2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/25/2018 | Jackeline Martinez | /s/Jackeline Martinez |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.