David M. Goodrich, State Bar No. 208675
dgoodrich@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Howard M. Ehrenberg,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| In re | Case No. 2:17-bk-12392-BR |
|---|---|
| MARK ELIAS CRONE, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF HOWARD M. EHRENBERG IN SUPPORT THEREOF** |
| | **[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]** |

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

2  **THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

3  　　　Howard M. Ehrenberg, the duly appointed and acting Chapter 7 trustee

4  ("Trustee") for the bankruptcy estate ("Estate") of Mark Elias Crone ("Debtor"), submits

5  this *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of*

6  *Bankruptcy Procedure 9019* ("Motion").  In support of the Motion, the Trustee submits the

7  following memorandum of points and authorities and his declaration ("Ehrenberg

8  Declaration"), and respectfully represents as follows:

9

10  **I.　　INTRODUCTION**

11  　　　The Trustee seeks the Court's approval of a settlement by and among:  (1) the

12  Trustee; (2) Susan I. Crone, an individual ("Susan Crone"); (3) CKR Global Advisors, Inc.,

13  aka Ascendant Global Advisors, Inc. ("Global Advisors"), and (4) Jeffrey Rinde ("Rinde"

14  and together, "Parties"), on the terms and conditions set forth in the Settlement

15  Agreement ("Agreement") attached hereto as **Exhibit 1**, and incorporated herein by

16  reference.  The Agreement resolves, among other things, the dispute arising from the

17  Debtor's prepetition transfer of assets to Susan Crone under a marital settlement

18  agreement as well as competing claims to Global Advisors and its assets.  The Trustee

19  believes the Agreement is in the best interests of the Estate and all creditors in that it

20  eliminates the delay, cost and uncertainty of continuing litigation, provides for the Estate to

21  retain a portion of the shares of publicly traded stock that are in the Trustee's possession,

22  and dismisses the entirety of the Adversary Proceeding (defined below).  The Agreement

23  is fair and reasonable and is a valid exercise of the Trustee's business judgment.  The

24  Agreement was also entered into in good faith and was negotiated at arm's length.

25  Therefore, the Trustee requests that the Court enter an order pursuant to Federal Rule of

26  Bankruptcy Procedure ("FRBP") 9019 authorizing the Trustee to enter into the Agreement

27  and approving the terms of the compromise as agreed upon by the parties.

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## II.     STATEMENT OF FACTS

### A.     The Debtor's Bankruptcy Filing and Trustee's Appointment

On February 28, 2017 ("Petition Date"), the Debtor filed the instant bankruptcy case in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Case No. 2:17-bk-12392-BR ("Bankruptcy Case").  *See* Docket No. 1.[1]  On February 28, 2017, Howard M. Ehrenberg was appointed Chapter 7 trustee.  *See* Docket No. 2.

### B.     The Transferred Assets

The Debtor and Susan Crone entered into the Marital Settlement Agreement dated November 30, 2016 ("MSA"), under which the Debtor transferred to Susan Crone ("Transfer") (i) his stock shares representing a fifty-percent interest in Global Advisors, a non-publicly traded company ("Global Advisors Shares"), (ii) his interest in Global Technologies, Inc., a publicly traded company ("GTII"), and (iii) his expected inheritance upon the death of his father, including father's trust ("LBC Inheritance") (collectively, "Transferred Assets"), in exchange for, among other things, a reduction of monthly support payments claimed by Susan Crone.

The Trustee alleges that the Debtor did not receive adequate consideration from Susan Crone for the Transferred Assets, including the Debtor's interest in Global Advisors which, in turn, owns that certain Certificate No. 1091, representing 100,000 shares ("AKTS Shares") of Akoustis Technologies, Inc., a publicly traded company ("AKTS") and shares in S2 LLC ("S2 Interest"), a private company ("S2").  Susan Crone denies the Trustee's allegations.

The Trustee has recently learned all of the membership interests in S2 have been sold to a third party and the S2 Interest will generate $10,000 as a "return of capital."

---

[1] The Trustee requests the Court take judicial notice of the pleadings on its docket, include the filing dates, as well as admissions of the Debtor in his schedules and statement of financial affairs.

1    Rinde alleges he holds a right of first refusal in connection with the Debtor's interest

2    in Global Advisors and has properly exercised that right.  The Trustee and Susan disagree

3    with Rinde's contention.

4    **C.    The Adversary Proceeding and Counterclaim**

5    On May 17, 2017, the Trustee filed the *Complaint for: (1) Avoidance of Transfer*

6    *Under 11 U.S.C. § 548,  (2) Avoidance of Transfer Under California Civil Code*

7    *§ 3439.04(A)(1);  (3) Avoidance of Transfer Under 11 California Civil Code*

8    *§ 3439.04(A)(2); (4) Avoidance of Transfer Under California Civil Code  § 3439.05;*

9    *(5) Recovery of Transferred Property or Value Thereof; (6) Preservation of Avoided*

10    *Transfer; (7) Declaratory Relief and (8) an Injunction* ("Complaint") against Susan Crone

11    and Global Advisors, commencing adv. no. 2:17-ap-01276-BR ("Adversary Proceeding").

12    On April 9, 2018, Susan Crone filed her *Answer to Amended Complaint of*

13    *Chapter 7 Trustee for: 1) Avoidance of Transfer Under 11 U.S.C. § 548 [Etc.]*, denying the

14    material allegations in the Complaint.

15    On June 19, 2018, Global Advisors filed its *Answer and Counterclaim in Response*

16    *to Complaint of Chapter 7 Trustee for (1) Avoidance of Transfer Under 11 U.S.C. § 548*

17    *[Etc.]*, denying the material allegations in the Complaint and asserting a claim for relief

18    against the Trustee arising out of an alleged injury suffered from filing of the Complaint

19    ("Counterclaim").  The Trustee denies the allegations in the Counterclaim.

20    A continued status conference is set for July 2, 2019.  The Court is prepared to set

21    a pre-trial conference should the Adversary Proceeding not settle.  The Parties have

22    reached a global settlement and the Trustee seeks approval of the settlement.

23

24    **III.    TERMS OF THE PROPOSED SETTLEMENT**

25    The Parties desire to avoid the uncertainty of the pending Adversary Proceeding

26    and to spare additional legal fees and costs in connection with the Transferred Assets, the

27    Adversary Proceeding, the Counterclaim and the potential future litigation between them

28    concerning Global Advisors.  Therefore, the Parties have entered into the Agreement, a

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

copy of which is attached as **Exhibit 1**.  The Agreement is made in an effort to maximize

the return to the creditors of the Estate.  The salient terms of the Agreement provide[2]:

1. <u>Bankruptcy Court Approval</u>.  The Agreement is subject to approval of the Court.

2. <u>AKTS Shares</u>.  Upon the Effective Date, Jeffrey Rinde shall provide the Trustee with an original letter instructing the transfer agent for AKTS ("<u>AKTS Transfer Agent</u>") to cancel Certificate 1091 and allocate the AKTS Shares presently in possession of the Trustee and subject to this litigation as follows through issuance of new share certificates: 6,500 shares to Susan Crone; 8,500 shares to the Trustee on behalf of the Estate; and 85,000 shares to Global Advisors ("<u>Instruction Letter</u>").  The Instruction Letter shall be countersigned by the Trustee and delivered together with Certificate 1091 to the AKTS Transfer Agent.  To facilitate issuance of new share certificates for the AKTS Shares, the Court shall issue an order providing that Jeffrey Rinde is the sole officer and director of Global Advisors.

3. <u>S2 Equity Partners</u>.  Upon the Effective Date, the proceeds from the S2 sale shall be distributed as follows: 50% to Global Advisors, or its assignee, 30% to the Estate, and 20% to Susan Crone.

4. <u>Global Advisors Shares.</u>  Susan Crone shall take all necessary steps to transfer her interest in Global Advisors to Jeffrey Rinde, including but not limited to, endorsing and delivering the stock certificate in her possession representing the Global Advisors Shares, or if the stock certificate was not received or has been lost, destroyed or wrongfully taken, executing and delivering a notarized notice of lost stock certificate.

---

[2] Parties are advised to consult the Agreement for all terms and conditions.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1209507.1

MOTION

5.    <u>Disposition of Remainder of Transferred Assets.</u>  In addition to the 6,500 shares of the ATKS Shares provided for in section 2.1 of the Agreement, Susan Crone shall retain all other assets transferred by the Debtor to Susan Crone under the MSA (i.e., the Transferred Assets), excluding the allocated AKTS Shares and S2 Interest.  Susan Crone shall have no right to, nor interest in, the portion of the ATKS Shares received by Global Advisors or the Trustee pursuant to the Agreement or the proceeds thereof.

6.    <u>Estate's Retained or Recovered Assets</u>.  Under the Agreement, the Estate receives 8,500 shares of AKTS, $3,000 of the S2 Interest and retains the funds previously paid by Rinde for the acquisition of certain assets and approved by the Court on June 7, 2018 [docket number 86].

7.    <u>Dismissal of Adversary Proceeding</u>.  Upon the Effective Date, and following completion of the transfers of the AKTS Shares and the Global Advisors Shares pursuant to Article 2 of the Agreement, the Adversary Proceeding, inclusive of the Counterclaim, shall be dismissed with prejudice with each Party to bear his or her own attorneys' fees and costs.  The Trustee shall prepare and file the dismissal of the Adversary Proceeding.

## IV.    **MEMORANDUM OF POINTS AND AUTHORITIES**

### A.    **Standard for Approving a Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019(a)**

Federal Rule of Bankruptcy Procedure 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

The standard to be applied to the approval of a settlement includes the probability of success of any litigation, the difficulties in collection on a judgment, the complexity of the matter, the expense, inconvenience or delay occasioned by resolution through

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  litigation, and interests of creditors, and the reasonableness of the compromise.  *See In re*

2  *A&C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. den., Martin v. Robinson,*

3  479 U.S. 854, 107 S.Ct. 189 (1989).  Although the court is to consider the range of results

4  in litigation, "the court's assessment does not require resolution of the issues, but only

5  their identification, so that the reasonableness of the settlement may be evaluated."  *In re*

6  *Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

7  　　　In ruling on a proposed compromise, a bankruptcy court should give substantial

8  weight to the trustee's views as to the merits of the compromise and settlement, and

9  should not substitute its own judgment for that of the trustee.  *See In re Blair*, 538 F.2d

10  849, 851 (9th Cir. 1976); *see also In re Calra Leather, Inc.*, 44 B.R. 457, 466 (Bankr.

11  S.D.N.Y. 1984).  Nor does the Court need to conduct an extensive investigation into the

12  merits of the claims that the parties seek to settle.  *See In re Walsh Const., Inc.*, 669 F.2d

13  1325, 1328 (9th Cir. 1982).  Rather, the court should "canvass the issues and see whether

14  the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  *In re W.T.*

15  *Grant*, 699 F.2d 599, 608 (2d Cir. 1982); *see also In re Bell & Beckwith*, 87 B.R. 472, 474

16  (N.D. Ohio 1987).  Consideration must also be given to the principle that the law favors

17  compromise and not litigation for its own sake.  *See Blair*, 538 F.2d at 851.

18  　　　Under the standards set forth above, the Trustee believes the Agreement is in the

19  best interest of the Estate and its creditors.

20  　　　　　　　**1.　　Probability of Success in Litigation**

21  　　　While the Trustee is confident he will prevail in the Adversary Proceeding, the

22  probability of success in litigation is always an unknown and, as with all litigation, there

23  are no guarantees of success.  Mrs. Crone contends the laws governing the divorce and

24  the division of assets under Connecticut law render some or all of the assets transferred

25  to her assets that she had an interest in before the MSA was approved.  Additionally, the

26  Trustee expects Mrs. Crone will argue the reduction in support the Debtor is required to

27  pay is sufficient consideration for the assets she received under the MSA.  The Trustee

28  believes the transfers are avoidable, but the Trustee's position is not bulletproof.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    Further, Global Advisors contends in its Counterclaim that the Trustee (1) "pursued

2    the Complaint with gross negligence, and/or reckless indifference and intentional

3    disregard for the actual facts" and (2) the Trustee "willfully and deliberately violated [the

4    Trustee's] fiduciary duties to creditors, including Global Advisors."  The Trustee adamantly

5    disagrees with Global Advisors' contentions in the Counterclaim and believes he will

6    prevail on all of the claims asserted in the Counterclaim.  But as noted above, success in

7    litigation is never guaranteed and the Estate may be liable for damages to Global

8    Advisors.  This factors favors approval of the Agreement.

9              **2.    Difficulties of Collection on a Judgment**

10    The Complaint seeks a recovery of assets and a determination of competing

11    claims.  Should the Trustee prevail, the assets will become property of the Estate.  The

12    Trustee's ability to reduce the recovered assets to money, however, may prove difficult.

13    Namely, the Trustee must force the dissolution of Global Advisors through new litigation.

14    Additionally, the Trustee will be required to liquidate GTII and the LBC Inheritance, the

15    latter of which will be very difficult because Mr. Crone, the Debtor's father, is still alive and

16    may elect to change the inheritance that the Debtor hold a contingent right to.  In sum, the

17    Trustee's ability to recover on any judgment will be fairly complicated and this factor

18    weighs in favor of approving the Agreement.

19              **3.    Complexity of the Matter**

20    As the Court is aware, there are several competing claims to various assets

21    including Global Advisors, the AKTS Shares, the S2 Interest, GTII and the LBC

22    Inheritance.  These claims are complicated and may require experts in securities law and

23    Connecticut family law (the Debtor and Mrs. Crone were divorced in Connecticut).

24    Further, Rinde claims to have exercised a right of first refusal entitling him to buy the

25    Debtor's interest in Global Advisors.  Measuring the amount to be paid to the Trustee

26    and/or Mrs. Crone, however, will require expert testimony regarding the value of Global

27    Advisors.  This matter is fairly complex and will require several expert witnesses.  As

28    such, this factor favors approval of the Agreement.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**4.    Inconvenience of the Delay/Best Interest of Creditors**

Absent the proposed settlement, the Trustee must continue litigating the claims discussed above.  Litigation will be expensive and time consuming, especially given the defendants' demonstrated willingness to continue to litigate these matters for more than 2 years.  Further litigation will only lead to unnecessary administrative expenses and a significant period of time being spent by both the Parties and the Court on issues that can be and are resolved through the Agreement.

Moreover, the Agreement ensures a recovery of 8,500 shares of AKTS (currently selling at $6.97/share) and $3,000 from S2 for the Estate.  There are no other known assets to be liquidated in this case.  If the Agreement is approved, the Estate will secure funds for the payment of claims of the Estate and ensure a meaningful distribution is made to creditors of the Estate.  This factor favors approval of the Agreement.

**5.    The Settlement Agreement is the Product of Active Negotiations**

The Agreement is the result of active negotiations among the Parties, which took place over a period of several months through dozens of telephone conversations and e-mails and involved multiple drafts of the Agreement.

**6.    The Agreement is Fair and Reasonable and in the Best Interest of the Estate and Creditors**

Section 704(a)(1) provides that the Trustee must "collect and reduce to money the property of the estate . . . and to close the estate as expeditiously as is compatible with the best interests of creditors."  11 U.S.C. § 704(a)(1).  By entering into the Agreement, the Trustee is satisfying his statutory duties and providing the means for a distribution to creditors.  The Agreement provides for the Estate to retain 8,500 of the AKTS Shares, which are publicly traded and may be reduced to cash.

The proposed settlement is fair and reasonable and a valid exercise of the Trustee's reasonable business judgment.  Further, the compromise was entered into in good faith and was negotiated at arms' length.  Accordingly, the Trustee requests that the Court enter an order pursuant to Bankruptcy Rule 9019 authorizing the Trustee to enter

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  into the Agreement and approving the terms of the compromise as agreed upon by the

2  Parties.

### B.    The Motion is Appropriate Without a Hearing

4  Local Bankruptcy Rule 9013-1(o)(1) provides that:

> Except as to matters specifically noted in paragraph (o)(2) below, and as otherwise ordered by the court, any matter that may be set for hearing in accordance with LBR 9013-1 may be determined upon notice of opportunity to request a hearing . . .

8  The approval of the Motion without a hearing pursuant to the procedure established

9  by Local Bankruptcy Rule 9013-1(o) is appropriate because it provides notice and

10  opportunity for a hearing to all creditors and parties entitled to notice and it reduces costs

11  to the Estate by alleviating the need for an appearance in court.  The Trustee does not

12  anticipate any opposition to this Motion.

### C.    The Court Should Authorize Distribution of AKTS and S2 Proceeds

14  Although the Agreement requires the Parties jointly seek an appropriation of the

15  AKTS Shares and S2 Interest, it is possible AKTS or S2, or both, will refuse to divvy up

16  the shares and issue one check payable to the Estate or Mr. Crone.  Should the Trustee

17  receive funds from the sale of the AKTS Shares and/or the S2 Interests, the Court should

18  authorize the distribution of the sale proceeds in a manner consistent with the Agreement

19  so that the Trustee is not required to seek an additional Court order to effectuate the

20  understanding of the Parties under the Agreement.

21

## V.    CONCLUSION

23  Based on the foregoing, the Trustee respectfully requests that this Court enter an

24  order granting the Motion as follows:

25  1.    Finding that notice of the Motion is proper and adequate;

26  2.    Approving the terms of the Agreement, a copy of which is attached as

27  **Exhibit 1**, and authorizing the Trustee to enter into the Agreement;

28  3.    Authorizing the Trustee to execute any documents or take any actions

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1   reasonably necessary to effectuate the terms of the Agreement;

2       4.     Authorizing the Trustee to distribute any proceeds received from the sale of

3   the AKTS Shares or S2 Interest, should either sale result in one payment of the entire

4   value of the shareholder or membership interest, in a manner consistent with the

5   Agreement and without the need for a further order of the Court; and

6       5.     Granting such other and further relief as the Court may deem just and

7   proper.

8                     Respectfully submitted,

9   Dated:  May 30, 2019           WEILAND GOLDEN GOODRICH LLP

10

11                   By:   */s/ David M. Goodrich* _____
                      DAVID M. GOODRICH

12                       Attorneys for Chapter 7 Trustee
                      Howard M. Ehrenberg

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## DECLARATION OF HOWARD M. EHRENBERG[3]

I, Howard M. Ehrenberg, declare:

1.      I am the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of Mark Elias Crone.  I know each of the following facts to be true of my own personal knowledge or upon information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion for Order Approving Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019*.

2.      The Debtor and Susan Crone entered into the Marital Settlement Agreement dated November 30, 2016, under which the Debtor transferred to Susan Crone (i) his stock shares representing a fifty-percent interest in Global Advisors, a non-publicly traded company, (ii) his interest in Global Technologies, Inc., a publicly traded company, and (iii) his expected inheritance upon the death of his father, including father's trust, in exchange for, among other things, a reduction of monthly support payments claimed by Susan Crone.

3.      I have recently learned that the Debtor holds an interest in S2 and that interest will generate $10,000 as a "return of capital" from a planned sale of S2.

4.      Rinde alleges he holds a right of first refusal in connection with the Debtor's interest in Global Advisors.  Rinde also claim he properly exercised his right of first refusal.

5.      I have reviewed the Agreement, a true and correct copy of which is attached as **Exhibit 1**, and believe that the settlement contemplated in the Motion is fair and reasonable, in the best interest of the Estate and its creditors, and within my sound business judgment, for the reasons stated in the Motion.

---

[3] Capitalized terms have the same meaning or definition of terms that are capitalized in the Motion.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1      6.    The proposed settlement with Susan Crone, Global Advisors, and Jeffrey

2 Rinde, each of whom is represented by counsel, was entered into in good faith and was

3 negotiated at arms' length.

4      I declare under penalty of perjury that the foregoing is true and correct.

5      Executed on this _30th_ day of May, 2019, at Los Angeles, California.

6

7

8                                    Howard M. Ehrenberg

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among: (1) Howard M. Ehrenberg, solely in his capacity as the chapter 7 trustee ("Trustee") for the estate ("Estate") of Mark Elias Crone ("Debtor"); (2) Susan I. Crone, an individual ("Susan Crone"); (3) CKR Global Advisors, Inc., aka Ascendant Global Advisors, Inc. ("Global Advisors"); and (4) Jeffrey Rinde (individually, "Party," and collectively, "Parties"), subject to Bankruptcy Court approval described below, and pursuant to the following recitals ("Recitals"):

## RECITALS

A.     On February 28, 2017 ("Petition Date"), the Debtor filed the instant bankruptcy case in the United States Bankruptcy Court for the Central District of California, Los Angeles Division, Case No. 2:17-bk-12392 BR ("Bankruptcy Case"). On February 28, 2017, Howard M. Ehrenberg was appointed chapter 7 trustee.

B.     The Trustee is informed that the Debtor and Susan Crone were married in 1992 and that pursuant to the Dissolution of Marriage (Divorce) Judgment entered in the State of Connecticut Superior Court on December 16, 2016, the Debtor and Susan Crone entered into the Marital Settlement Agreement dated November 30, 2016 ("MSA"), under which the Debtor transferred to Susan Crone ("Transfer") (i) his stock shares representing a fifty-percent interest in Global Advisors, a non-publicly traded company ("Global Advisors Shares"), (ii) his interest in Global Technologies, Inc., a publicly traded company ("GTII"), and (iii) his expected inheritance upon the death of his father, including father's trust ("LBC Inheritance") (collectively, "Transferred Assets"), in exchange for, among other things, a reduction of monthly support payments claimed by Susan Crone.

C.     The Trustee alleges that the Debtor did not and has not received adequate consideration from Susan Crone for the Transferred Assets, including the Debtor's interest in Global Advisors which, in turn, owns (i) that certain Certificate No. 1091, representing 100,000 shares ("AKTS Shares") of Akoustis Technologies, Inc., a publicly traded company ("AKTS") and (ii) that certain equity interest in S2 LLC (the "S2 Interest"). Susan Crone denies the Trustee's allegations and contends that Debtor did receive adequate consideration for the Transferred Assets.

- 1 of 12 -

EXHIBIT 1    PAGE 14

D.     Accordingly, on May 17, 2017, the Trustee filed the *Complaint for: (1) Avoidance of Transfer Under 11 U.S.C. § 548, (2) Avoidance of Transfer Under California Civil Code § 3439.04(A)(1); (3) Avoidance of Transfer Under 11 California Civil Code § 3439.04(A)(2); (4) Avoidance of Transfer Under California Civil Code § 3439.05; (5) Recovery of Transferred Property or Value Thereof; (6) Preservation of Avoided Transfer; (7) Declaratory Relief and (8) an Injunction* ("Complaint") against Susan Crone and Global Advisors, commencing adv. no. 2:17-ap-01276-BR ("Adversary Proceeding").

E.     In the Adversary Proceeding, among other things, the Trustee requests a judicial declaration that the Global Advisors Shares transferred to Susan Crone pursuant to the MSA are property of the Estate.  The Complaint alleges that Global Advisors owns no other assets of value other than the AKTS Shares.

F.     On April 9, 2018, Susan Crone filed her *Answer to Amended Complaint of Chapter 7 Trustee for: 1) Avoidance of Transfer Under 11 U.S.C. § 548 [Etc.]*, denying the material allegations in the Complaint.

G.     On June 19, 2018, Global Advisors filed its *Answer and Counterclaim in Response to Complaint of Chapter 7 Trustee for (1) Avoidance of Transfer Under 11 U.S.C. § 548 [Etc.]*, denying the material allegations in the Complaint and asserting a claim for relief against the Trustee arising out of injury suffered from filing of the Complaint ("Counterclaim").

H.     The Trustee denies the allegations in the Counterclaim.

I.     The Trustee is in possession of Certificate 1091 pursuant to a Court order.  Additionally, the Trustee is informed and believes that the value of the S2 Interest is approximately $10,000.

J.     Global Advisors alleges that it has no ongoing business, its sole asset is Certificate 1091 and the S2 Interest and, to its knowledge, the outstanding obligations of Global Advisors, inclusive of tax liabilities, far exceed the value of Certificate 1091 and the S2 Interest.  Global Advisors further alleges that if the Trustee were to successfully recover the transferred Global Advisors Shares from Susan Crone, such shares would be of no value to the Estate.

K.     Jeffrey Rinde, the other fifty-percent shareholder of the issued and outstanding stock of Global Advisors, alleges that once the liabilities of Global Advisors are satisfied, he intends to wind-down existing operations or dissolve the

- 2 of 12 -

EXHIBIT 1    PAGE 15

corporation.  However, he has been incapable of completing this task in the absence of a resolution concerning the Global Advisors Shares transferred to Susan Crone under the MSA.

L.    Jeffrey Rinde further alleges that pursuant to the terms of the Global Advisors shareholders agreement dated August 1, 2012, he holds a pre-petition right of first refusal entitling him to acquire all of Debtor's fifty-percent interest in Global Advisors upon Debtor's spouse, Susan Crone, acquiring any interest in Global Advisors arising from the MSA or otherwise relating to dissolution of marriage.  Jeffrey Rinde further alleges that he has previously initiated this right of first refusal, which, upon completion, the pre-petition transfer of the Global Advisors Shares to Susan Crone under the MSA will be without effect and Jeffrey Rinde shall be entitled to receipt of all of such shares, making him Global Advisors' sole shareholder.

M.    Susan Crone further alleges that pursuant to the terms of the Global Advisors shareholders agreement dated August 1, 2012, Jeffrey Rinde's pre-petition right of first refusal had lapsed at the time of his notice.  Susan Crone denies all material allegations asserted by Jeffrey Rinde or the Trustee on behalf of the Estate.

N.    The Parties desire to avoid the uncertainty of the pending Adversary Proceeding and spare additional legal fees and costs in connection with the Transferred Assets, the Adversary Proceeding and the potential future litigation between them concerning Global Advisors.  This Agreement is made in an effort to maximize the return to the creditors of the Estate.

<u>**AGREEMENT**</u>

**NOW THEREFORE,** pursuant to the foregoing Recitals and for the consideration described in the Agreement, the Parties agree as follows:

**ARTICLE 1**

<u>**APPROVAL OF AGREEMENT BY COURT**</u>

**1.1    <u>Bankruptcy Court Approval.</u>**  The Agreement is subject to Court approval and is not binding upon or enforceable against any Party until an order approving the Agreement is entered by the Court.  A motion to approve this Agreement ("Motion") shall be prepared and filed by the Trustee once Susan Crone, Global Advisors and Jeffrey Rinde have signed this Agreement and

EXHIBIT 1    PAGE 16

returned it to the Trustee. The effective date of the Agreement ("Effective Date") is defined as the date on which the order approving the Motion is final. An order becomes final fifteen days after its entry unless an appeal is timely-filed and a stay pending appeal is obtained, in which case the order will become final after the stay pending appeal is lifted or removed. No Effective Date will occur if the Court denies approval of the Motion on the terms required in the Agreement.

     **1.2**    <u>**Remainder of Agreement Contingent Upon Court Approval.**</u> All of the terms of the Agreement, with the sole exception of the terms set forth in this Article 1, are contingent upon the issuance of a final binding order by the Bankruptcy Court approving the Agreement. If the Agreement is not approved by the Bankruptcy Court, the Agreement shall automatically terminate and be of no further force or effect.

**ARTICLE 2**

<u>**TERMS OF SETTLEMENT**</u>

     **2.1**    <u>**AKTS Shares.**</u> Upon the Effective Date, Jeffrey Rinde, as the sole officer and director of record of Global Advisors, shall provide the Trustee with an original letter instructing the transfer agent for AKTS ("Transfer Agent") to cancel Certificate 1091 and allocate the AKTS Shares presently in possession of the Trustee and subject to this litigation as follows through issuance of new share certificates: 6,500 shares to Susan Crone, to be sent directly to Susan Crone to the address she directs; 8,500 shares to the Trustee on behalf of the Estate, sent directly to the Trustee to the address he directs; and 85,000 shares to Global Advisors, sent directly to Global Advisors to the address that Jeffrey Rinde directs (the "AKTS Instruction Letter"). The AKTS Instruction Letter shall be countersigned by the Trustee and Susan Crone, and, following the Trustee's receipt from Susan Crone of the Global Advisors Transfer Documents (defined below), the Trustee shall deliver to the Transfer Agent the AKTS Instruction Letter together with Certificate 1091. To facilitate issuance of new share certificates for the AKTS Shares, the Court shall issue an order providing that Jeffrey Rinde is the sole officer and director of Global Advisors and that the AKTS Instruction Letter must be approved by the Trustee and Susan Crone prior to it being delivered to the Transfer Agent. The AKTS Shares transferred to Susan Crone and the Trustee on behalf of the Estate are to be transferred free and clear of any alleged outstanding obligations of Global Advisors.

     **2.2**    <u>**S2 Equity Position.**</u> Upon the Effective Date, Jeffrey Rinde, as the sole officer and director of Global Advisors, shall provide the Trustee with an

- 4 of 12 -

EXHIBIT 1    PAGE 17

original letter instructing the corporate secretary for S2 LLC ("S2")
to acknowledge and allocate the S2 Interest, or any proceeds thereof, as follows:
fifty-percent (50%) to Global Advisors or its assignee, thirty-percent (30%) to the
Trustee and twenty-percent (20%) to Susan Crone (the "S2 Instruction
Letter").  The S2 Instruction Letter shall be countersigned by the Trustee and
Susan Crone, and, in addition to the foregoing, shall provide that S2 is to deliver to
all Parties confirmation of the allocation.  The Trustee shall deliver the S2
Instruction Letter to the corporate secretary for S2 following receipt from Susan
Crone of the Global Advisors Transfer Documents (defined below).

    **2.3**   **Global Advisors Shares.**  Either 50% or 100% of the Debtor's
interest in Global Advisors was not property of the Estate and were transferred to
Susan Crone under the MSA.  The Trustee contested that the transfer of all or part
of these shares to Susan Crone was avoidable.  Jeffrey Rinde alleged that the
transfer was not effectuated due to his right of first refusal.  To eliminate the
expenditure of further legal fees by the Estate and Susan Crone to litigate
Jeffrey Rinde's alleged right of first refusal, upon the Effective Date, Susan Crone
shall take all necessary steps to transfer the Global Advisors Shares to Jeffrey
Rinde, including but not limited to, executing and delivering to the Trustee a
notarized notice of lost stock certificate in the form to be provided by Jeffrey
Rinde, together with any other documents necessary for transfer of the Global
Advisors Shares to Jeffrey Rinde (collectively, the "Global Advisors Transfer
Documents").  Within five (5) business days of confirmation from the Transfer
Agent it has delivered Susan Crone her AKTS share certificate in accordance with
section 2.1 above, and confirmation from S2 that the S2 Interest has been allocated
in accordance with section 2.2 above, the Trustee shall deliver to Jeffrey Rinde the
Global Advisors Transfer Documents.  Susan Crone represents and warrants that
she has not previously conveyed any or all of the Global Advisors Shares
and, effective upon her receipt of her certificate for her portion of the AKTS
Shares, disclaims any further beneficial or equitable interest that she may hold in
Global Advisors.  Jeffrey Rinde and Susan Crone both further represent and
warrant that neither has pledged the Global Advisors Shares, or any interest in the
AKTS Shares or the S2 Interest, to secure any debt and that, to the best of their
respective knowledge, the Global Advisors Shares, S2 Interest and AKTS Shares
are not encumbered by any lien, whether voluntarily or involuntary.  For absence
of doubt, upon and after the Effective Date, any legal, beneficial or equitable
interest in Global Advisors held by Susan Crone shall be property of
Jeffrey Rinde.  No representations about the Global Advisors Shares to be
transferred pursuant to this Agreement are made by the Trustee or any agent acting
on behalf of the Trustee.

EXHIBIT 1    PAGE 18

**2.4    Tax Liability of Susan Crone as to Global Advisors and S2.**  Susan Crone shall not be liable for any state or federal taxes of Global Advisors prior to the Effective Date.  Susan Crone personal/individual state and federal tax liability post Effective Date shall be, if any, based on the transferring and receiving of the 6,500 AKTS Shares and the 20% of S2 Interest.  For clarification purposes only, Susan Crone shall not be liable for any state and federal taxes of Global Advisors arising after the Effective Date.

**2.5    Disposition of Remainder of Transferred Assets.**  In addition to the 6,500 shares of the ATKS Shares provided for in section 2.1 above, and 20% of the S2 Interest provided for in section 2.2 above, Susan Crone shall retain all other assets transferred by the Debtor to Susan Crone under the MSA (i.e., the Transferred Assets), excluding the AKTS Shares and S2 Interest allocated to the Trustee and Jeffrey Rinde.  Susan Crone shall have no right to, nor interest in, the portion of the ATKS Shares or S2 Interest received by Global Advisors or the Trustee pursuant to this Agreement or the proceeds thereof.

**2.6    Mandatory Transfers.**  Notwithstanding anything in this Agreement to the contrary, the entry of an order approving this Agreement and the occurrence of the Effective Date shall be strictly conditioned upon the transfers of the Global Advisors Shares, the S2 Interest and the AKTS Shares pursuant to this Article 2.

**2.7    Dismissal of Adversary Proceeding.**  Upon the Effective Date, and following completion of the transfers of the S2 Interest, the AKTS Shares and the Global Advisors Shares pursuant to this Article 2, the Adversary Proceeding, inclusive of the Counterclaim, shall be dismissed with prejudice with each Party to bear his or her own attorneys' fees and costs.  The Trustee shall prepare and file the dismissal of the Adversary Proceeding.

**2.8    Release by Trustee.**  Except as otherwise provided in this Agreement, upon the Effective Date, the Trustee, for and on behalf of the Estate and its successors, agents, attorneys, and accountants, shall release and discharge Global Advisors, Jeffrey Rinde and Susan Crone, and their respective past and present contractors, officers, directors, shareholders, representatives, agents, affiliates, employees, attorneys, accountants, successors and assigns from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to or

EXHIBIT 1    PAGE 19

arise from the Adversary Proceeding.    Debtor shall not be a beneficiary of this release.

**2.9    Release by Susan Crone.**  Except as otherwise provided in this Agreement, upon the Effective Date, Susan Crone, for herself and on behalf of her successors, agents, attorneys, and accountants, shall release and discharge the Trustee, the Estate, Global Advisors and Jeffrey Rinde, and their past and present contractors, officers, directors, shareholders, representatives, agents, affiliates, employees, attorneys, accountants, successors and assigns, from any and all claims, interests, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to or arise from the Adversary Proceeding.

**2.10    Release by Global Advisors and Jeffrey Rinde.**  Except as otherwise provided in this Agreement, upon the Effective Date, Global Advisors and Jeffrey Rinde, for themselves and on behalf of their respective successors, agents, attorneys, and accountants, shall release and discharge the Trustee, the Estate and Susan Crone, and their past and present contractors, officers, directors, shareholders, representatives, agents, affiliates, employees, attorneys, accountants, successors and assigns, from any and all claims, interests, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to or arise from the Adversary Proceeding.

**2.11   Scope of Releases.**  The releases provided in this section shall constitute a waiver by the Parties of any and all rights under section 1542 of the Civil Code of California (or under any law of any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to section 1542 of the California Civil Code), which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

- 7 of 12 -

EXHIBIT 1    PAGE 20

The consequences of the foregoing waiver have been explained to the Parties by their respective counsel. The Parties acknowledge that they may hereafter discover facts different from, or in addition to, those which they may now know or believe to be true with respect to the claims being released herein, and agree that this Agreement and the releases contained herein shall be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

**2.12    Incorporation of Releases.** The releases among Jeffrey Rinde, Global Advisors and Susan Crone set forth in that certain confidential *Settlement Agreement and Mutual Releases* dated December 13, 2018 are incorporated herein.

### ARTICLE 3

### REPRESENTATIONS AND WARRANTIES

**3.1    Reliance on Independent Investigation.** Except as otherwise provided in this paragraph, the Parties acknowledge that they have entered into this Agreement in reliance on their own independent investigations and analysis of the facts underlying the subject matter of this Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce them to execute this Agreement other than those that are expressly set forth herein.

**3.2    Advice of Counsel.** The Parties acknowledge and represent that they have the advice of attorneys of their own choosing in connection with the evaluation and execution of this Agreement or that after being advised to consult with an attorney of their own choosing, they have voluntarily opted not to do so.

**3.3    No Admission of Liability.** This Agreement is for the sole purpose of settling the matters described herein. It is expressly understood and agreed that this Agreement does not constitute and is not evidence of any admission by any of the parties hereto of any liability or the truth of any allegations whatsoever.

**3.4    Execution of Documents and Capacity to Enter Into the Agreement.** Each Party does hereby state, certify, warrant, and represent to the other that such party has the right, power, capacity, and authority to enter into this Agreement, to fully perform its obligations under this Agreement, and hereby agree to execute all instruments reasonably necessary pursuant to this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which such Party is bound. The Trustee's power to enter into this Agreement, however, is subject to approval of the Bankruptcy Court and should such approval not be obtained, the Agreement shall not be enforceable

- 8 of 12 -

EXHIBIT 1    PAGE 21

against any Party.

# ARTICLE 4

## GENERAL TERMS AND PROVISIONS

**4.1    Entire Agreement.** This Agreement will constitute the entire agreement between the Parties and supersede all prior or contemporary understandings or agreements. No supplement, modification, waiver or termination shall be binding or enforceable unless executed in writing by the parties to be bound thereby.

**4.2    Amendment of Agreement.** No modification of, deletion from, or addition to this Agreement shall be effective unless made in writing and executed by the Parties hereto.

**4.3    Construction of Agreement.** The provisions of this Agreement shall be liberally construed to effectuate the intended settlement of the disputes and the release of all related claims. Section headings have been inserted for convenience only and shall not be given undue consideration in resolving questions of construction or interpretation. For purposes of determining the meaning of, or resolving any ambiguity with respect to, any word, phrase, term, or provision of this Agreement, each Party shall be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal control over the preparation of this document, such that neither the Agreement nor any uncertainty or ambiguity herein shall be arbitrarily construed or resolved against any Party under any rule of construction.

**4.4    Further Assurances.** Each Party shall promptly execute any and all instruments and documents and take all other actions that may be required to effectuate the contemplated settlement and release. The Trustee shall use his best efforts to obtain court approval of this Agreement.

**4.5    Governing Law.** This Agreement shall be interpreted and governed by the laws of the State of California. In the event that a dispute arises regarding this Agreement, the Bankruptcy Court in the Central District of California, Los Angeles Division, shall have exclusive jurisdiction to interpret and enforce this Agreement.

**4.6    Counterparts.** This Agreement may be executed in one or more counterparts. When counterparts have been executed by all the Parties hereto, this Agreement shall become effective, and the counterparts shall together constitute

- 9 of 12 -

EXHIBIT 1    PAGE 22

one document.

    **4.7**   <u>**Severability**</u>.  In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement shall nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties.

    **4.8**   <u>**Waiver**</u>.  The failure by any Party to enforce any term or provision of this Agreement shall not constitute a waiver of the right to enforce the same term or provision, or any other term or provision, thereafter.  No waiver by any Party of any term or provision of this Agreement shall be deemed or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

    **4.9**   <u>**Inurement**</u>.  This Agreement shall inure to the benefit of and be fully binding upon each of the Parties and upon their respective heirs, executors, successors, assigns, and grantees.

    **4.10**   <u>**Notice**</u>.  Whenever any party hereto is required or shall desire to give or serve upon the other any notice, demand, request or other communication, each such notice, demand, request or other communication shall be in writing and shall be given or served personally, or by overnight carrier or same-day messenger service, or by telecopy transmission followed immediately by mail, all to be addressed to the addresses set forth below.

If to the Trustee:      David M. Goodrich
      650 Town Center Drive, Suite 600
      Costa Mesa, CA 92626
      Telephone:  (714) 966-1000
      Facsimile:  (714) 966-1002

If to Susan Crone:      Leo P. Flangas, Esq.
      600 S. 3rd Street
      Las Vegas, NV 89101
      Telephone:  (702) 384-1990
      Facsimile:  (702) 384-1009

- 10 of 12 -

EXHIBIT 1    PAGE 23

If to Global Advisors     Michael Sobkowiak
and Jeffrey Rinde:        Friedman Law Group, P.C.
                          1901 Avenue of the Stars, Ste. 1000
                          Los Angeles, CA 90067
                          Telephone:  (310) 552-8210
                          Facsimile:   (310) 733-5442

Service of any such notice, demand or request so made shall be deemed complete
on the date of actual delivery.  Any party hereto may from time to time, by notice
in writing served upon the other party as aforesaid, designate a different mailing
address or a different person or additional persons to which all such notices,
demand or requests are thereafter to be addressed.

IN WITNESS WHEREOF, the Parties agree to the foregoing eleven (11) pages of
terms, and have executed this Agreement on the date set forth opposite their
respective signature.

Dated: May __21_, 2019                 _____
                                       Howard M. Ehrenberg, Chapter 7 Trustee


Dated: May ___, 2019                   _____
                                       Susan I. Crone


Dated: May 24, 2019                    _____
                                       Jeffrey Rinde


Dated: May 24, 2019                    CKR GLOBAL ADVISORS, INC.

                                       By: _____
                                       Name: _____
                                       Title: _____


- 11 of 12 -


EXHIBIT 1    PAGE 24

If to Global Advisors
and Jeffrey Rinde:

Michael Sobkowiak
Friedman Law Group, P.C.
1901 Avenue of the Stars, Ste. 1000
Los Angeles, CA 90067
Telephone:  (310) 552-8210
Facsimile:  (310) 733-5442

Service of any such notice, demand or request so made shall be deemed complete on the date of actual delivery.  Any party hereto may from time to time, by notice in writing served upon the other party as aforesaid, designate a different mailing address or a different person or additional persons to which all such notices, demand or requests are thereafter to be addressed.

IN WITNESS WHEREOF, the Parties agree to the foregoing eleven (11) pages of terms, and have executed this Agreement on the date set forth opposite their respective signature.

Dated: May ___, 2019

_____
Howard M. Ehrenberg, Chapter 7 Trustee

Dated: May 26, 2019

_____
Susan I. Crone

Dated: May ___, 2019

_____
Jeffrey Rinde

Dated: May ___, 2019

CKR GLOBAL ADVISORS, INC.

By: _____

Name: _____

Title: _____

- 11 of 12 -

EXHIBIT 1    PAGE 25

APPROVED AS TO FORM AND
CONTENT:

Dated: May _22_, 2019                    WEILAND GOLDEN GOODRICH LLP

By: _____
    DAVID M. GOODRICH
    Attorneys for Chapter 7 Trustee
    Howard M. Ehrenberg

Dated: May ___, 2019                    FLANGAS LAW FIRM

By: _____
    LEO P. FLANGAS
    Attorneys for Defendant Susan I.
    Crone

Dated: May _28_, 2019                    FRIEDMAN LAW GROUP, P.C.

By: _____
    MICHAEL SOBKOWIAK
    Attorneys for Jeffrey Rinde, and
    Defendant and Counterclaimant
    Global Advisors

- 12 of 12 -

EXHIBIT 1    PAGE 26

APPROVED AS TO FORM AND
CONTENT:

Dated: May ___, 2019                    WEILAND GOLDEN GOODRICH LLP


                                        By: _____
                                            DAVID M. GOODRICH
                                            Attorneys for Chapter 7 Trustee
                                            Howard M. Ehrenberg

Dated: May 27th, 2019                   FLANGAS LAW FIRM

                                        By: _____
                                            LEO P. FLANGAS
                                            Attorneys for Defendant Susan I.
                                            Crone

Dated: May ___, 2019                    FRIEDMAN LAW GROUP, P.C.


                                        By: _____
                                            MICHAEL SOBKOWIAK
                                            Attorneys for Jeffrey Rinde, and
                                            Defendant and Counterclaimant
                                            Global Advisors

EXHIBIT 1    PAGE 27

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Chapter 7 Trustee's Motion for Order Approving</u> <u>Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019; Memorandum of Points and</u> <u>Authorities and Declaration of Howard M. Ehrenberg in Support Thereof</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>May 30, 2019</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>May 30, 2019</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

~~Mark Elias Crone~~
~~201 Bicknell Avenue, Apt. 107~~
~~Santa Monica, CA 90405-2395~~
**MAIL RETURNED 5/16/18**

⊠  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>May 30, 2019</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 5/30/2019 | Victoria Rosales | *victoria* (signature) |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Stephen F Biegenzahn    efile@sfblaw.com

Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;odalys@lesliecohenlaw.com

Howard M Ehrenberg (TR)    ehrenbergtrustee@sulmeyerlaw.com,
ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com

J. Bennett Friedman    jfriedman@flg-law.com, msobkowiak@flg-law.com;jmartinez@flg-law.com;cllosa@flg-law.com

Cynthia Futter    cfutter@futterwells.com

David B Golubchik    dbg@lnbyb.com, dbg@ecf.inforuptcy.com

David M Goodrich    dgoodrich@wgllp.com, vrosales@wgllp.com;kadele@wgllp.com

Jeffrey S Kwong    jsk@lnbyb.com, jsk@ecf.inforuptcy.com

Theresa Mains    theresa@theresamainspa.com

Dipika Parmar    dipika.parmar@aissolution.com

Eric A Puritsky    eric@puritskylaw.com

Michael D Sobkowiak    msobkowiak@flg-law.com, jmartinez@flg-law.com;jfriedman@flg-law.com;cllosa@flg-law.com

Scott J Tepper    scottjtepper@msn.com, scottjtepper@gmail.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Zann R Welch    ecfnotices@ascensioncapitalgroup.com

Steven Werth    swerth@sulmeyerlaw.com,
asokolowski@sulmeyerlaw.com;mviramontes@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

**SERVED BY UNITED STATES MAIL**:

Leo P. Flangas, Esq.
600 S. 3rd Street
Las Vegas, NV 89101

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**